COHEN, J.
Hubert Graves was convicted by a jury of lewd or lascivious battery and lewd or lascivious molestation. He was sentenced to consecutive fifteen-year terms in the Department of Corrections. He raises two issues on appeal, only one of which merits discussion. Graves claims his convictions on both charges violate double jeopardy.
The evidence adduced at trial reflects that the victim, K.A., was raised by Graves and his wife in Georgia. Graves was K.A.’s step-grandfather. K.A. alleged that Graves molested her on multiple occasions over a period of years. The incident which gave rise to Florida charges occurred during a family reunion. K.A., who was thirteen years old at the time, testified she fell asleep on a couch at the home of a relative and was awakened as Graves carried her to a bedroom. She remembers being turned over on the bed and having her pants and underwear removed. K.A. testified Graves penetrated her vagina with his penis.
As to the lewd or lascivious battery count, the information alleged that Graves *1034 “did with his penis penetrate or have union with the sexual organ” of K.A., a person twelve years of age or older, but less than sixteen years of age. As to the lewd or lascivious molestation count, the information alleged that Graves intentionally touched K.A., a person twelve years of age or older but less than sixteen years of age, in a lewd or lascivious manner, and specifically that he “did touch the genitalia of K.A.” The information did not specify the manner of the touching; however, the evidence introduced at trial is clear that the only touching of the victim’s genitalia coincided with the penetration or union alleged in the lewd or lascivious battery count.
In determining the constitutionality of multiple convictions and sentences arising from the same criminal transaction, legislative intent is the polestar. State v. Anderson, 695 So.2d 309, 311 (Fla. 1997). The question becomes whether the Legislature intended to authorize separate punishments. Here, there is no clear legislative intent to allow for multiple punishments for both lewd or lascivious battery[1] and lewd or lascivious molestation,[2] other than the Legislature’s general position, as articulated in section 775.021(4)(b), Florida Statutes (2011), to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction.
Absent a clear statement of legislative intent, courts employ the Blockburger[3] test to determine whether multiple punishments are permissible. Codified in section 775.021, Florida Statutes, that test provides:
Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
§ 775.021(4)(a), Fla. Stat. For offenses that satisfy this test, multiple punishments are allowed unless one of three exceptions apply:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
§ 775.021(4)(b), Fla. Stat.[4]
In the instant case, it is undisputed that Graves’ conduct was but a single transaction.[5] Looking merely at the elements of *1035 the two charges brought against him, lewd or lascivious battery requires the oral, anal, or vaginal penetration by, or union with, the sexual organ of another, or the anal or vaginal penetration of another by any other object. Lewd or lascivious molestation requires proof that the defendant intentionally touched in a lewd or lascivious manner the breasts, genitals, genital area, buttocks, or clothing covering those parts of the victim; or proof that the defendant intentionally forced or enticed the victim to so touch him or her.
Simply examining the elements of the offenses, both of which can clearly be committed in a multitude of ways, each statute contains an element not within the other. Despite its label, lewd or lascivious battery does not require the State to prove lascivious intent.[6] Penetration, if by the defendant, must be of the victim’s anus, vagina or mouth. If by the victim, penetration must be of the defendant’s anus, vagina, or mouth. Penetration with any other object must be of either the victim’s anus or vagina. Union, which is defined as contact,[7] must be with the anus, vagina, or mouth by either the defendant’s or victim’s sexual organ. Conversely, lewd or lascivious molestation requires a licentious intent. See Roughton v. State, 92 So.3d 284 (Fla. 5th DCA 2012).[8] The touching can be by either the defendant or, if forced or enticed, by the victim. The touching could be of the breasts, buttocks, or clothing covering those areas, as well as the genitals or genital area.
However, a literal application of the codified Blockburger test is problematic when offenses can be committed in such a wide variety of ways, especially in light of the instruction that courts are to undergo a double jeopardy analysis “without regard to the accusatory pleading or the proof adduced at trial.” See § 775.021(4)(a), Fla. Stat. In terms of alternative conduct statutes and statutes concerning distinct criminal acts, it is not difficult to find differing elements in each even though there are no accusations of such conduct by the accused. Thus, in Gibbs v. State, 698 So.2d 1206 (Fla.1997) (involving alternative conduct statute), and State v. Meshell, 2 So.3d 132 (Fla.2009) (addressing distinct act statute), the court looked to the charging document to determine the specific conduct alleged. In Gibbs, the defendant was charged with trafficking in cocaine and simple possession of the same cocaine. Noting that trafficking in cocaine can be committed by either selling, purchasing, delivering, bringing into the State, or possessing cocaine, the supreme court concluded that, pursuant to section 775.021(4)(a), Florida Statutes, it was precluded from examining the evidence to determine whether each charge involved the same quantum of cocaine. The supreme court went on to state:
*1036 [W]e recognize that an alternative conduct statute, such as the cocaine trafficking statute, requires an analysis that breaks the conduct elements into the specific alternative conduct which is in the other statute being compared. The conduct element of the trafficking statute is not compared by considering the entire range of conduct including possession, sale, purchase, and delivery, but rather by comparing only trafficking possession with simple possession.
698 So.2d at 1209.[9] Unless the Gibbs court reviewed the information, there would be no way to determine whether the defendant was charged with trafficking based upon a sale, purchase, delivery, or possession. Double jeopardy would have been violated only if the trafficking was based upon possession of the same drugs which formed the basis of the simple possession charge.
Likewise, in Meshell, the defendant was charged with multiple counts of lewd or lascivious battery. The issue was whether separate convictions could be obtained for performing oral sex on the victim, for having the victim perform oral sex upon him, and for either union with or penetration of the victim’s vagina with his penis. Despite language to the contrary, the only way to know whether the specific acts with which the defendant was charged are “sexual acts of a separate character and type requiring different elements of proof,” is by reference to the charging document. 2 So.3d at 135. This is consistent with the approach this Court has taken in similar double jeopardy cases. See, e.g., Rough-ton, 92 So.3d 284 n. 1; Latimer v. State, 44 So.3d 1239 (Fla. 5th DCA 2010).
If, as in Gibbs, we do not look at the entire theoretical range of conduct encompassed by the statute but rather compare only the conduct alleged in the information, the lewd or lascivious battery count alleged either penetration or union of Grave’s penis with the vagina of the victim. Thus, the range of conduct included union, which is defined as contact with or touching of the victim’s vagina. The lewd or lascivious molestation count alleged an unspecified touching, in a lewd or lascivious manner, of the victim’s genitalia. Based upon the lack of specificity in the charging document, that touching could have occurred with the defendant’s penis.[10] The only element contained in the lewd or lascivious molestation count, not subsumed within the lewd or lascivious battery count, is a requirement of a lascivious intent. To avoid a violation of double jeopardy, each offense must contain an element not within the other. Thus, Graves should have been convicted of only one offense. Because both offenses are punishable by a term of imprisonment up to fifteen years, we reverse and remand for entry of a judgment of acquittal for the offense which scores lower on the sentencing guidelines.
AFFIRMED in part; REVERSED in part.
SAWAYA and JACOBUS, JJ., concur.

. § 800.04(4)(a), Fla. Stat. (2003).

. § 800.04(5)(a), Fla. Stat. (2003).

. Blockburger v. U.S., 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

. Before addressing the exceptions, the court first must determine whether the conduct charged was part of a single episode or transaction. Only if the offenses are part of the same criminal transaction is the codified Blockburger analysis applied. Depending on the circumstances, a defendant can commit the same crime multiple times during the same criminal episode and be charged with each occurrence or violate the same statute in a different number of ways without implicating double jeopardy. See State v. Meshell, 2 So.3d 132, 136 (Fla.2009) (affirming convictions of distinct sex acts because they were of a separate character and type).

.To determine whether an offense occurred during the same criminal transaction, courts examine "whether there are multiple victims, whether the offenses occurred in multiple locations, and whether there has been a 'tempo *1035 ral break’ between the offenses.” Staley v. State, 829 So.2d 400, 401 (Fla. 2d DCA 2002) (citing Garrison v. State, 654 So.2d 1176, 1177 (Fla. 1st DCA 1994)).

. The words "lewd” and "lascivious” both mean a wicked, lustful, unchaste, licentious, or sensual intent on the part of the person doing an act. Fla. Std. Jury Instr. (Crim.) 11.10(c).

. Fla. Std. Jury Instr. (Crim.) 11.10(a).

.Roughton, which this Court recently decided, represents a similar situation. There, the defendant was convicted of sexual battery on a person under twelve years of age and lewd or lascivious molestation of a victim less than twelve years of age. As in the instant case, the convictions in Roughton were based upon the same act. In affirming both convictions, we found the lewd or lascivious molestation charge to require a lascivious intent while the sexual battery does not. Additionally, we noted the different anatomy protected by each statute.

. This holding was reaffirmed in footnote four in State v. Paul, 934 So.2d 1167, 1173(Fla. 2006) receded from on other grounds, Valdes v. State, 3 So.3d 1067 (Fla.2009), where the court examined multiple charges involving lewd or lascivious conduct and lewd or lascivious exhibition.

. While we do not look at the evidence adduced at trial for purposes of this analysis, we note that the only evidence of the lewd or lascivious molestation presented was a touching with the defendant's penis. The jury, through a note sent to the court, understood this as well.