PÉR CURIAM.
George A. Westerman, III (the defendant), appeals his judgment and sentences, asserting that his convictions for possession of methamphetamine[1] and trafficking in methamphetamine by possessing more than twenty-eight grams thereof [2] violated his double jeopardy rights. The State properly concedes error. See Gibbs v. State, 698 So.2d 1206 (Fla.1997) (holding that double jeopardy is violated if trafficking conviction is based upon possession of the same drugs which formed the basis of the simple possession conviction). See also Graves v. State, 95 So.3d 1033 (Fla. 5th DCA 2012).
Accordingly, we reverse the' defendant’s judgment and sentence on the possession conviction, and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
LAWSON, C.J., PALMER and BERGER, JJ., concur.

. § 893.13(6)(á), Fla. Stat. (2014).

. § 893.135(1)©, Fla. Stat. (2014).