# Supreme Court of Florida

_____

No. SC12-1719
_____

**JAMES HOUSTON ROUGHTON,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[February 25, 2016]

CANADY, J.

In this case we consider whether dual convictions for capital sexual battery and lewd or lascivious molestation based on a single act violate the constitutional prohibition against double jeopardy. Our analysis turns on the rule of construction in section 775.021(4), Florida Statutes (2008), regarding "separate criminal offenses" "committed in the course of one criminal episode or transaction." We have for review Roughton v. State, 92 So. 3d 284 (Fla. 5th DCA 2012), in which the Fifth District Court of Appeal held that dual convictions for both capital sexual battery and lewd or lascivious molestation based on a single act do not result in a double jeopardy violation. The Fifth District certified conflict with Berlin v. State,

72 So. 3d 284 (Fla. 1st DCA 2011), Smith v. State, 41 So. 3d 1041 (Fla. 1st DCA 2010), Robinson v. State, 919 So. 2d 623 (Fla. 2d DCA 2006), and Johnson v. State, 913 So. 2d 1291 (Fla. 2d DCA 2005), in which the First and Second District Courts of Appeal held that dual convictions for sexual battery and lewd or lascivious molestation do violate the prohibition against double jeopardy when they are based on a single act. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons we explain, we approve the Fifth District's decision in Roughton and disapprove the decisions of the First and Second Districts in Berlin, Smith, Robinson, and Johnson. We also recede from our prior decision in Gibbs v. State, 698 So. 2d 1206 (Fla. 1997).

## I. BACKGROUND

James Roughton was convicted of both sexual battery on a person under twelve years of age[1]—commonly known as capital sexual battery—and lewd or lascivious molestation on a person under twelve years of age[2] for the single act of placing his mouth on the seven-year-old victim's penis. On appeal, Roughton argued that his dual convictions for sexual battery and lewd or lascivious molestation violated his constitutional protection against double jeopardy because

---

1. § 794.011(2)(a), Fla. Stat. (2008).

2. § 800.04(5)(b), Fla. Stat. (2008).

the two convictions were based on a single act.  Roughton, 92 So. 3d at 285.  The State agreed that the convictions were based on a single act but argued that there was no double jeopardy violation.  Id.

Finding no specific statement by the Legislature that it intended to punish sexual battery and lewd or lascivious molestation separately, the Fifth District applied the "same elements" test set forth in Blockburger v. United States, 284 U.S. 299, 304 (1932), and codified in section 775.021(4)(a).  Under the basic rule of Blockburger and section 775.021(4)(a), if "each offense requires proof of an element that the other does not," separate punishments for each offense do not violate the prohibition against double jeopardy.

The Fifth District held that the two offenses each have elements that the other does not, in that "[l]ewd or lascivious molestation requires a specific lewd or lascivious intent, which sexual battery does not," and "sexual battery requires either penetration or oral, anal or vaginal union with the sexual organ of another, neither of which are elements of lewd or lascivious molestation."  Roughton, 92 So. 3d at 286-87.  Thus, "the anatomy protected by the statutes is, or may be, different.  For example, touching the buttocks of a child in a lewd manner would constitute a lewd or lascivious molestation, but would not constitute a sexual battery."  Id. at 287.  The court determined that none of the exceptions to the Blockburger "same elements" test—set out in section 775.021(4)(b)—were

applicable and therefore concluded that convictions for both lewd or lascivious molestation and sexual battery arising from the same act do not violate the prohibition against double jeopardy. Id.

## II. ANALYSIS

The double jeopardy clauses, contained in the Fifth Amendment to the United States Constitution and article I, section 9 of the Florida Constitution, prohibit the imposition of multiple punishments for the same criminal offense. But the double jeopardy clauses do not prohibit multiple punishments for different offenses arising out of the same criminal transaction or episode if the Legislature intended to authorize separate punishments. Valdes v. State, 3 So. 3d 1067, 1069 (Fla. 2009). "The Double Jeopardy Clause presents no substantive limitation on the legislature's power to prescribe multiple punishments, but rather, seeks only to prevent courts either from allowing multiple prosecutions or from imposing multiple punishments for a single, legislatively defined offense." Borges v. State, 415 So. 2d 1265, 1267 (Fla. 1982) (citation omitted).

Section 775.021(4)(a) requires that an offender who "commits an act or acts which constitute one or more separate criminal offenses . . . be sentenced separately for each criminal offense" even if those offenses are committed "in the course of one criminal transaction or episode." "[O]ffenses are separate if each offense requires proof of an element that the other does not, without regard to the

- 4 -

accusatory pleading or the proof adduced at trial." § 775.021(4)(a), Fla. Stat.

(2008). Section 775.021(4)(b), Florida Statutes (2008), provides:

> The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
>
> > 1. Offenses which require identical elements of proof.
> >
> > 2. Offenses which are degrees of the same offense as provided by statute.
> >
> > 3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

The application of the statutory rule of construction based on undisputed facts is a legal issue, subject to de novo review. State v. Drawdy, 136 So. 3d 1209, 1213 (Fla. 2014).

As the Fifth District recognized, whether Roughton's dual convictions for sexual battery and lewd or lascivious molestation based on a single act violate the prohibition against double jeopardy depends on whether each offense requires proof of an element the other does not. Sexual battery is defined as "oral, anal, or vaginal penetration by, or union[3] with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose." § 794.011(h), Fla. Stat.

_____

3. " 'Union' means contact." Fla. Std. Jury Instr. (Crim.) 11.1.

- 5 -

(2008). In contrast, lewd or lascivious molestation occurs when a person "intentionally touches in a lewd or lascivious manner[4] the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, or forces or entices a person under 16 years of age to so touch the perpetrator[.]" § 800.04(5)(a), Fla. Stat. (2008).

Although the conduct constituting capital sexual battery will as a practical matter ordinarily—if not always—also constitute lewd or lascivious molestation, the formal elements of these two crimes are quite distinct. And section 775.021(4) requires analysis based on the formal elements of the crimes. Establishing capital sexual battery—like any other sexual battery—requires proof of either penetration or oral, anal, or vaginal union with the sexual organ of another, while establishing lewd or lascivious molestation requires proof of intentional touching of the breasts, genitals, genital area, or buttocks, or the clothing covering those areas. Lewd or lascivious molestation requires proof that the touching was done with a lewd or lascivious intent, while sexual battery may be committed without any proof of a specific sensual intent. Each offense requires proof of an element that the other does not; therefore, they are "separate offenses" under section 775.021(4)(a).

---

4. "The words 'lewd' and 'lascivious' mean the same thing: a wicked, lustful, unchaste, licentious, or sensual intent on the part of the person doing an act." Fla. Std. Jury Instr. (Crim.) 11.10(c).

- 6 -

Where even a single act constitutes multiple separate criminal offenses, as defined in section 775.021(4)(a), the offender must be sentenced separately for each offense unless one of the three exceptions in section 775.021(4)(b) applies. Capital sexual battery (like any other sexual battery) and lewd or lascivious molestation do not require identical elements of proof and are not degrees of the same offense as provided by statute. Nor is one a lesser included offense of the other. We therefore conclude that Roughton's separate sentences for capital sexual battery and lewd or lascivious molestation arising from a single act do not violate the prohibition against double jeopardy.

We recognize that in <u>Gibbs</u> this Court held that for purposes of determining whether a double jeopardy violation has occurred, courts must analyze an alternative conduct statute—i.e., a statute that proscribes conduct in the alternative, such as a touching of the breasts, buttocks, genitals, or genital area—by breaking out and comparing only the specific alternative conduct that is the same as the conduct prohibited by the other statute being compared, and cannot consider the entire range of conduct proscribed by the statute. 698 So. 2d at 1209-10. But our holding in <u>Gibbs</u> is irreconcilable with the plain language of section 775.021(4)(a), which requires that the elements of the offenses be compared "<u>without regard to the accusatory pleading or the proof adduced at trial</u>." (Emphasis added.) It runs afoul of the Legislature's intent "to convict and sentence for each criminal offense

- 7 -

committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection [775.021](1) to determine legislative intent." § 775.021(4)(b), Fla. Stat. (2008).

In Florida, the presumption in favor of stare decisis is strong, but not unwavering. Brown v. Nagelhout, 84 So. 3d 304, 309 (Fla. 2012). The doctrine of stare decisis may bend "where there has been an error in legal analysis." Id. (quoting Puryear v. State, 810 So. 2d 901, 905 (Fla. 2002)). We have recognized that "[s]tare decisis does not yield based on a conclusion that a precedent is merely erroneous" but that an error is of sufficient gravity to justify departing from precedent where the prior decision is "unsound in principle" or "unworkable in practice." Id. (quoting Allied-Signal, Inc. v. Dir., Div. of Taxation, 504 U.S. 768, 783 (1992)).

We conclude that a serious legal error was committed in Gibbs, which flies in the face of the manifest intent of the Legislature. Gibbs "is based on a serious interpretative error, which resulted in imposing a meaning on the statute that is 'unsound in principle.' " Id. at 310 (quoting Allied-Signal, 504 U.S. at 783). Thus, we find it necessary to recede from Gibbs.

### III. CONCLUSION

For the reasons explained above, we approve the decision of the Fifth District in Roughton and disapprove the decisions of the First and Second Districts

- 8 -

in <u>Berlin</u>, <u>Smith</u>, <u>Robinson</u>, and <u>Johnson</u>.  We recede from our prior decision in

<u>Gibbs</u> and hold that a double jeopardy analysis must—in accordance with section

775.021(4)—be conducted without regard to the accusatory pleading or the proof

adduced at trial, even where an alternative conduct statute is implicated.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, POLSTON, and PERRY, JJ., concur.
QUINCE, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND
IF FILED, DETERMINED.

QUINCE, J., dissenting.

A defendant's right not to be placed in jeopardy more than once for the same

offense is personal to that defendant.  In order to determine if a particular

defendant's right has been violated, we must start with an analysis of the charges

against that defendant—not what is potentially chargeable under a particular

statute.  Thus, section 775.021(4)(a), Florida Statutes—which requires a double

jeopardy analysis to be conducted without regard to the specific charges against a

defendant or which charges have been proven—is antithetical to the purpose and

meaning of the double jeopardy clauses of both the United States and Florida

Constitutions.  We must consider the allegations against the defendant and what

the State proved.  Therefore, I begin this analysis by relying on our precedent of

- 9 -

Gibbs v. State, 698 So. 2d 1206 (Fla. 1997), which stays true to this overarching principle.

Where a statute prohibits alternative types of conduct, a double jeopardy determination "requires an analysis that breaks the conduct elements into the specific alternative conduct which is in the other statute being compared." Id. at 1209; see also State v. Connelly, 748 So. 2d 248, 251 (Fla. 1999); Graves v. State, 95 So. 3d 1033, 1035-36 (Fla. 5th DCA 2012). For example, in comparing the cocaine trafficking statute—an alternative conduct statute—with the simple possession statute, this Court stated, "The conduct element of the trafficking statute is not compared by considering the entire range of conduct including possession, sale, purchase, and delivery, but rather by comparing only trafficking possession with simple possession." Gibbs, 698 So. 2d at 1209. This Court found that such situation differed from a case where the defendant is charged with trafficking sale and simple possession "because the sale element of the trafficking statute differs from the elements in the simple possession statute." Id. at 1210. "[T]he court must focus on the particular component of the statute that is in issue." Johnson v. State, 712 So. 2d 380, 381 (Fla. 1998). "[I]f the prosecution is for the same conduct under both statutes, a conviction under more than one of the statutes is a violation of double jeopardy principles." Gibbs, 698 So. 2d at 1210; Connelly, 748 So. 2d at 251.

Here, Roughton was convicted of sexual battery and lewd or lascivious molestation. Sexual battery prohibits "penetration" or, in the alternative, "union with" certain body parts,[5] and lewd or lascivious molestation prohibits touching or, in the alternative, forcing or enticing the victim to do the touching.[6] Under Gibbs, the relevant comparison here is between the "union with" element of sexual battery and the "touching" element of lewd or lascivious molestation, as the convictions involve Roughton placing his mouth on the victim's penis. Thus, the elements of the two crimes are as follows: sexual battery concerns (1) oral, anal, or vaginal union with (2) the sexual organ (3) of another;[7] whereas, lewd or lascivious molestation involves (1) touching—using any part of the perpetrator's body—(2) the breasts, genitals, genital area, or buttocks (3) of another (4) intentionally and (5) in a lewd or lascivious manner.[8]

_____

5. § 794.011(1)(h), (2)(a), Fla. Stat. (2008).

6. § 800.04(5)(a), (b), Fla. Stat. (2008).

7. Section 794.011(1)(h) defines "sexual battery" as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object," not including "an act done for a bona fide medical purpose."

8. Section 800.04(5)(a) defines "lewd or lascivious molestation" as "intentionally touch[ing] in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, or forc[ing] or entic[ing] a person under 16 years of age to so touch the perpetrator."

Reviewing the statutory provisions in this manner reveals that lewd or lascivious molestation contains two elements that sexual battery does not—that the touching be done "intentionally" and "in a lewd or lascivious manner." However, in this case, sexual battery does not contain any elements that lewd or lascivious molestation does not because, under <u>Gibbs</u>, the remaining elements of both crimes punish the same conduct.

The third element of both is identical in that the offense involves another person. As to the first element, "union" means "contact,"[9] and "contact" includes "a touching or meeting," as this Court previously recognized in <u>Seagrave v. State</u>, 802 So. 2d 281, 286 (Fla. 2001). Although the first element of sexual battery requires proof of specifically <u>oral, anal, or vaginal</u> touching, whereas the touching under lewd or lascivious molestation can be with any part of the perpetrator's body, that fact does not constitute an element within one that the other does not have because (1) the broader type of touching possible under molestation <u>includes</u> that specified under sexual battery, and (2) in this case, the same type of touching is at issue under both statutes—with oral touching being the factual basis for both convictions. <u>See, e.g.</u>, <u>Gibbs</u>, 698 So. 2d at 1209 (not finding "quantity" element of trafficking possession to constitute an element that simple possession does not

---

9. Fla. Std. Jury Instr. (Crim.) 11.1.

have, where simple possession punishes any quantity of drugs possessed). The same can be said for the second element of both crimes. Although sexual battery requires touching of a sexual organ whereas the touching under molestation can be of the breasts, genitals, genital area, buttocks, or the clothing covering them, (1) the broader list of body parts under molestation includes those body parts specified under sexual battery, and (2) in this case, the same body part (the victim's penis) is being touched under both statutes. See, e.g., id.

Thus, it cannot be said, under Blockburger v. United States, 284 U.S. 299 (1932), that each offense has an element that the other does not. Furthermore, in the instant case, the prosecution is for the same single act under both statutes. Id. at 1210 ("[I]f prosecution is for the same conduct under both statutes, a conviction under more than one of the statutes is a violation of double jeopardy principles."); Connelly, 748 So. 2d at 251 ("Moreover, we have held that a double jeopardy violation does occur in such a situation if the prosecution is for the same conduct under both statutes."). Accordingly, I would find that double jeopardy precludes convictions for both sexual battery and lewd or lascivious molestation for the single criminal act of touching the victim's penis with Roughton's mouth.

The Fifth District used a similar rationale in Graves, decided about a month after the instant case, to find that a defendant's convictions for both lewd or

- 13 -

lascivious battery[10] and lewd or lascivious molestation violated double jeopardy

principles. 95 So. 3d at 1033. In that case, the defendant penetrated the victim's

vagina with his penis. Id. As to the molestation charge, the information did not

allege the specific manner of the "touching"; however, the district court found that

the record evidence demonstrated that the only touching of the victim's vagina

"coincided with the penetration or union alleged in the lewd or lascivious battery

count." Id. at 1034. The Fifth District recognized that because both crimes could

be committed in a variety of ways, each statute contains an element the other does

not. Id. at 1035. However, the district court then cited Gibbs for the principle that

courts "do not look at the entire theoretical range of conduct encompassed by the

statute but rather compare only the conduct alleged in the information." Id. at

1036. Doing so, the Fifth District found a violation of double jeopardy because the

conduct alleged under each count involved a touching of the victim's vagina. Id.

The court concluded that "[t]he only element contained in the lewd or lascivious

molestation count, not subsumed within the lewd or lascivious battery count, is a

requirement of a lascivious intent" and found that since each offense must contain

_____

10. The sexual activity forming the basis of the crime in that case is defined
in the same manner as the conduct at issue here under the sexual battery statute.
Compare § 800.04(1)(a), (4)(a), Fla. Stat. (2003) (lewd or lascivious battery) with
§ 794.011(1)(h), (2)(a), Fla. Stat. (2008) (sexual battery).

an element not within the other, the defendant "should have been convicted of only one offense." Id.

Because a true double jeopardy analysis cannot be conducted based on crimes for which the defendant was neither charged nor convicted, I would find that Roughton's convictions for sexual battery and lewd or lascivious molestation for a single act violate double jeopardy. As such, I would remand to the trial court to vacate Roughton's molestation conviction on Count II. As to the certified conflict cases,[11] I would approve Berlin and Smith, but would approve only the result, not the rationale, of Johnson and Robinson because those two cases cited to State v. Hightower, 509 So. 2d 1078 (Fla. 1987)[12]—or cases which themselves cited Hightower—and that case involved the pre-1999 version of the lewd or lascivious molestation statute containing different language from that at issue here. Therefore, reliance on such case law is misplaced. I would quash the decision

---

11. Berlin v. State, 72 So. 3d 284 (Fla. 1st DCA 2011); Smith v. State, 41 So. 3d 1041 (Fla. 1st DCA 2010); Robinson v. State, 919 So. 2d 623 (Fla. 2d DCA 2006); Johnson v. State, 913 So. 2d 1291 (Fla. 2d DCA 2005).

12. In Hightower, this Court found that under the 1984 amendment to section 800.04, which included the phrase "without committing the crime of sexual battery," the crimes of sexual battery and lewd or lascivious conduct were "mutually exclusive." 509 So. 2d at 1079. Section 800.04 was amended in 1999, however, resulting in the removal of that phrase. Ch. 99-201, § 6, Laws of Fla.

- 15 -

below, approve <u>Smith</u> and <u>Berlin</u>, and approve the result but not the reasoning of

<u>Johnson</u> and <u>Robinson</u>.

Application for Review of the Decision of the District Court of Appeal - Certified Direct Conflict of Decisions

      Fifth District - Case No. 5D11-652

      (Orange County)

James S. Purdy, Public Defender, Doris R. Ball, Assistant Public Defender, and Edward J. Weiss, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, Florida,

      for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; Dawn A. Tiffin, Assistant Attorney General, Tampa, Florida; Wesley Harold Heidt, Bureau Chief, and Kellie Anne Nielan, Assistant Attorney General, Daytona Beach, Florida,

      for Respondent