QUINCE, J.,
dissenting.
A defendant’s right not to be placed in jeopardy more than once for the same offense is personal to that defendant. In order to determine if a particular defendant’s right has been- .violated, we. must start -with an ..analysis • .of the charges against that defendant — not what is potentially chargeable under a particular statute. Thus, section 775.021(4)(a), Florida Statutes — -which requires a double jeopardy analysis to be conducted without regard to the specific charges against a defendant or which charges have been proven — is antithetical to the purpose and meaning of the' double jeopardy clauses of both the United States and Florida Constitutions. We must .consider the allegations against the defendant and whát the State proved. Therefore, I begin this analysis by relying on our precedent of Gibbs v. State, 698 So.2d 1206 (Fla.1997), which stays true to this overarching principle.
Where. a statute prohibits alternative types of conduct, a double jeopardy determination “requires an analysis that breaks the conduct elements into the specific alternative conduct which is in the other statute being compared.” Id. at 1209; see also State v. Connelly, 748 So.2d 248, 251 (Fla.1999); Graves v. State, 95 So.3d 1033, 1035-36 (Fla. 5th DCA 2012). For example, in comparing the cocaine trafficking statute — an alternative conduct statute— with the simple possession statute, this Court stated, “The conduct element of the trafficking statute is not compared by considering the entire range of conduct including possession, sale, purchase, and delivery, but rather by comparing only trafficking possession with simple possession.” Gibbs, 698 So.2d at 1209. This Court found that' such situation differed from a case where the defendant is charged with trafficking sale and simple possession “because the sale element of the trafficking statute differs from the elements in the simple possession statute.” Id. at 1210. “[T]he court must focus on the particular component of the statute that is in issue.” Johnson v. State, 712 So.2d 380, 381 (Fla.1998). “[I]f the prosecution is for the same conduct under both *1212 statutes, a conviction under more than one of the statutes is a violation of double jeopardy principles.” Gibbs, 698 So.2d at 1210; Connelly, 748 So.2d at 251.
Here, Roughton was convicted of sexual battery and lewd or lascivious molestation. Sexual battery prohibits “penetration” or, in the alternative, “union with” certain body parts,[5] and lewd or lascivious molestation prohibits touching or, in the alternative, forcing or enticing the victim to do the touching.[6] Under Gibbs, the relevant comparison here is between the “union with” element of sexual battery and the “touching” element of lewd or lascivious molestation, as the convictions involve Roughton placing his mouth on the victim’s penis. Thus, the elements of the two crimes are as follows: sexual battery concerns (1) oral, anal, or vaginal union with (2) the- sexual organ (3) of another;[7] whereas,- lewd or lascivious molestation involves (1) touching — using any part of the perpetrator’s body — (2) the breasts, genitals, genital area, or buttoéks (3) of another (4) intentionally and (5) in a lewd or lascivious manner.[8]
Reviewing the statutory provisions in this manner reveals that lewd or lascivious molestation contains two . elements that sexual battery does not — that the touching be done “intentionally” and “in a lewd or lascivious mariner.” However, in this case, sexual battery does not contain any elements' that lewd or lascivious molestation does not because, under Gibbs, the remaining elements of both crimes punish the same conduct.
- 'The third element of both is identical in that the offense involves another person. As to the first element, “union” means “contact,”[9] and “contact” includes1, “a touching or meeting,” as this Court previously recognized in Seagrave v. State, 802 So.2d 281, 286 (Fla.2001). Although the first element of sexual battery requires proof of specifically oral, anal, or vaginal touching, whereas the touching under lewd or lascivious molestation can be with any part of the perpetrator’s body, that fact does not constitute an element within one that the other does not have because (1) the broader type of torching possible under molestation includes that specified under sexual battery, and (2) in this case, the same- type of touching, is at issue under both statutes — with oral touching being the factual basis for both convictions. See, e.g., Gibbs, 698 So.2d at 1209 (not finding “quantity” element of trafficking possession to constitute an element that simple possession does' not have, where simple possession punishes any quantity of drugs possessed). The same can be said for the second element of both crimes. Although sexual battery requires touching of a sexual organ whereas the touching under molestation can be of the breasts, genitals, genital area, buttocks, or the clothing covering them, (1) the broader list of body parts under molestation includes those body parts specified under sexual battery, and (2) in this case, the same body part (the victim’s penis) is being touched under both statutes. See, e.g., id.
*1213 Thus, it cannot be said, under Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 806 (1932), that each offense has an element that the other does not. Furthermore, in the instant case, the prosecution is for the same single act under both statutes. Id. at 1210 (“[I]f prosecution is for the same conduct under both statutes, a conviction under more than one of the : statutes is. a violation of double jeopardy principles.”); Connelly, 748 So.2d at 251 (“Moreover, we have held that a double jeopardy violation does occur in such a situation if the prosecution is for the same conduct under both statutes”). Accordingly, I would find that double jeopardy precludes convictions for both sexual battery and lewd or lascivious molestation for the single criminal act of touching the victim’s penis with Roughton’s mouth..
The Fifth District used a similar rationale in Graves, decided about a month after the instant case,- to find that a defendant’s convictions for both lewd or lascivious battery[10] and lewd or lascivious molestation violated double jeopardy principles. 95 So.3d at 1033. In that case, the defendant penetrated the victim’s vagina' with his penis. Id. As to the molestation charge, the information did not allege the specific manner of the “touching’’; however, the district court found that the record evidence demonstrated that the only touching of the victim’s vagina “coincided with the penetration or union alleged in the lewd or láscmous battery count.” Id. at 1034. The Fifth District recognized that because both crimes could be committed in a.variety of ways, each statute contains an element the other does not. Id.- at 1035. ¡However, the district court then cited Gibbs for the principle that courts “do not look at the entire theoretical range of conduct encompassed by the statute but. rather compare only the'conduct alleged in the information.” Id. at 1036. Doing so,the Fifth District found a violation of double jeopardy because the conduct alleged under each count involved a touching of the victim’s vagina. Id. The court concluded that “[t]he only element contained in the lewd or lascivious molestation count, not subsumed within the lewd or lascivious battery count, is a requirement of a lascivious intent” and found that since each offense must contain an element not within the other, the defendant “should have been convicted of only one offense.” Id.
Because a true double jeopardy analysis cannot be conducted based on crimes for which the defendant was’ neither charged nor convicted, I would find that Rough-ton’s convictions for sexual battery and lewd or lascivious molestation for a single act violate double jeopardy. As such, I would remand to the trial court to vacate Roughton’s molestation conviction on Count II. As to the certified conflict cases,[11]1 would approve Berlin and Smith, but would approve only the result, not the rationale, of Johnson and Robinson because those two cases cited to State v. Hightower, 509 So.2d 1078 (Fla.1987)[12]— *1214 or cases which themselves cited Hightower—and that case involved the pre-1999 version of the lewd or lascivious molestation statute containing different language from that at issue here. Therefore, reliance on such case law is misplaced. I would quash the decision below, approve Smith and Berlin, and approve the result but not the reasoning of Johnson and Robinson.

. § 794.011(1 )(h), (2)(a), Fla. Stat. (2008). '

. § 800.04(5)(a), (b), Fla. Stat. (2008).

. Section 794.011(1 )(h) defines "sexual battery” as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object," not including "an act done : for a bóna fide medical purpose.”

. Section 800,04(5)(a) defines "lewd or lascivious molestation" as "intentionally todchpng] in a lewd or, lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, or forcing] or entic[ing] a person under 16 years of age to so touch the perpetrator.”

. Fla. Std. Jury Instr. (Grim.) 11.1.

. The sexual activity forming the basis of the crime in that case is defined in the same manner as the conduct at issue here under the sexual battery statute. Compare § 800.04(l)(a), (4)(a), Fla. Stat. (2003) (lewd or lascivious battery) with § 794.01 l(l)(h), (2)(a), Fla. Stat. (2008) (sexual battery).

. Berlin v. State, 72 So.3d 284 (Fla. 1st DCA 2011); Smith v. State, 41 So.3d 1041 (Fla. 1st DCA 2010); Robinson v. State, 919 So.2d 623 (Fla. 2d DCA 2006); Johnson v. State, 913 So.2d 1291 (Fla. 2d DCA 2005).

.In Hightower, this Court found that under the 1984 amendment to section 800.04, which included the phrase “without committing the crime of sexual battery,” the crimes of sexual battery and lewd or lascivious conduct were "mutually exclusive.” 509 So.2d at 1079. Section 800.04 was amended in 1999, however, resulting in the removal of that phrase. Ch. 99-201, § 6, Laws of Fla.