NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LARRY DONELL FLEMING,       )
                            )
        Appellant,          )
                            )
v.                          )       Case No. 2D16-469
                            )
STATE OF FLORIDA,           )
                            )
        Appellee.           )
_____)

Opinion filed September 27, 2017.

Appeal from the Circuit Court for DeSoto
County; Kimberly Bonner, Judge.

Howard L. Dimmig, II, Public Defender, and
Jean-Jacques A. Darius, Special Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Peter Koclanes, Assistant
Attorney General, Tampa, for Appellee.


SLEET, Judge.

Larry Donell Fleming appeals his judgment and sentences following a jury

trial. Fleming was convicted of sexual battery with a deadly weapon, lewd or lascivious

battery, lewd or lascivious molestation, kidnapping, and fleeing or eluding a law

enforcement officer. Because Fleming's convictions for sexual battery and lewd or

lascivious battery violate double jeopardy, we reverse the lewd or lascivious battery

conviction and sentence. We affirm Fleming's remaining convictions and sentences without discussion.

At trial, the State presented evidence that Fleming picked up a fourteen-year-old girl in his car against her will and drove her to a secluded orange grove where he forcibly raped her. Fleming then dropped the girl off at her high school, and she reported the abuse to school authorities. On appeal, Fleming argues that his convictions for sexual battery and lewd or lascivious battery violated double jeopardy because they were based on the same specific sexual conduct with a single victim. We must agree.

"Determining whether double jeopardy is violated based on undisputed facts is a purely legal determination, so the standard of review is de novo." Binns v. State, 979 So. 2d 439, 441 (Fla. 4th DCA 2008). The double jeopardy clauses in the United States and Florida constitutions prohibit multiple convictions for the same offense. Amend. V, U.S. Const.; Art I, §9, Fla. Const. Under section 775.021(4)(a), Florida Statutes (2014), "[w]hoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense." Therefore, when considering a double jeopardy claim alleging multiple convictions for the same offense, we first consider whether the convictions arose from the same criminal transaction or episode. § 775.021(4)(a); see also Lee v. State, 42 Fla. L. Weekly D1273, D1274 (Fla. 1st DCA June 1, 2017); Partch v. State, 43 So. 3d 758, 760 (Fla. 1st DCA 2010). If we conclude that "the convictions arose from the same criminal episode, we 'must then determine if the convictions were predicated on distinct

acts.' " Lee, 42 Fla. L. Weekly at D1274 (quoting Partch, 43 So. 3d at 760); see also §775.021(4)(a). Only after determining that the convictions arose from the same criminal episode and were not based on distinct acts do we then consider whether each offense requires an element that the other does not. Batchelor v. State, 193 So. 3d 1054, 1058 (Fla. 2d DCA 2016); Lee, 42 Fla. L. Weekly at D1274.

In determining whether convictions arose from the same criminal episode or were based on distinct acts, "the reviewing court examines the entire record, including all evidence admitted at trial." Lee, 42 Fla. L. Weekly at D1274–75. The record reflects that Fleming's convictions for sexual battery and lewd or lascivious battery arose from the same criminal episode in this case. The conduct occurred in the same place and at the same time, and there was only one alleged victim. See Murray v. State, 890 So. 2d 451, 453 (Fla. 2d DCA 2004) ("In order to determine whether offenses occurred during a single criminal episode, courts look to whether there are multiple victims, whether the offenses occurred in multiple locations, and whether there has been a 'temporal break' between offenses." (quoting Staley v. State, 829 So. 2d 400, 401 (Fla. 2d DCA 2002))). There is no evidence in the record to support a conclusion that the charges for sexual battery and lewd or lascivious battery were based on "distinct criminal acts of a separate character and type." See State v. Drawdy, 136 So. 3d 1209, 1214 (Fla. 2014). The information alleged the same specific sexual act as the basis for both charges, and at trial, the victim testified to a single sexual encounter with Fleming. Therefore, Fleming's charges were not predicated on distinct acts. See Graham v. State, 207 So. 3d 135, 139 (Fla. 2016) (citing Blockburger v. United States, 284 U.S. 299 (1932)).

Because Fleming's charges for sexual battery and lewd or lascivious battery arose from the same criminal episode and were not predicated on distinct acts, we must determine whether sexual battery and lewd or lascivious battery each contain an element that the other does not. See § 775.021(4)(a). In conducting this analysis, we are limited to the language of the statute "without regard to the accusatory pleading or the proof adduced at trial." § 775.021(4)(a).

Section 794.011(1)(h), Florida Statutes (2014), defines sexual battery as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object." Section 800.04(4)(a)(1), Florida Statutes (2014), defines lewd or lascivious battery as "[e]ngaging in sexual activity with a person 12 years of age or older but less than 16 years of age." The definition of "[s]exual activity" in section 800.04(1)(a) is identical to the definition of sexual battery in section 794.011(1)(h). Thus, the crime of lewd or lascivious battery contains all of the elements of sexual battery. See generally Williams v. State, 957 So. 2d 595, 599 (Fla. 2007) (holding that lewd or lascivious battery is a permissive lesser included offense of sexual battery and explaining that "when the State alleges that the victim was between ages twelve and fifteen in a count charging a violation of section 794.011(3) (sexual battery as defined), that charge subsumes lewd or lascivious battery under section 800.04(4)(a) (sexual activity as defined)"). Although the victim's young age is an element of lewd or lascivious battery that is not included in sexual battery, "[t]o avoid a violation of double jeopardy, *each* offense must contain an element not within the other." Graves v. State, 95 So. 3d 1033, 1036 (Fla. 5th DCA 2012).

Accordingly, we conclude that Fleming's convictions for both offenses violate double jeopardy. We vacate his conviction and sentence for lewd or lascivious battery as the lesser of the two offenses. See Pizzo v. State, 945 So. 2d 1203, 1206 (Fla. 2006).

Affirmed in part; vacated in part.

SILBERMAN and LUCAS, JJ., Concur.