SLEET, Judge, Concurring. I concur with Judge Badalamenti’s conclusion that McCullough’s convictions for first-degree fleeing or eluding a law enforcement officer causing serious bodily injury or death and second-degree vehicular homicide violate double jeopardy and that we must reverse her conviction and sentence for vehicular homicide and affirm her remaining convictions. However, unlike Judge Badalamenti, I conclude that McCullough’s convictions and sentences for both of these' offenses in this case not only violate the single homicide rule but also violate the Blockburger test as codified in section 775.021(4), Florida Statutes (2015). I write to discuss the proper application of the Blockburger test as set forth in section 775.021(4). Under Blockburger, “[a] defendant is placed in double jeopardy where based upon the same conduct the defendant , is convicted of two offenses, each of which does not require proof of a different element.” Pizzo v. State, 945 So.2d 1203, 1206 (Fla. 2006). Section 775.021(4)(a) sets forth the legislature’s intent that a defendant who in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal' offenses, upon conviction and adjudication of: guilt, shall be sentenced separately for each criminal offense .... [Ojffenses are separate if each offense requires -proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial. ■ § 775.021(4)(a); see also Blockburger, 284 U.S. at 304, 52 S.Ct. 180. In reviewing a double jeopardy claim, “we first consider whether the convictions arose from the same criminal transaction or episode.” Fleming v. State, No. 2D16-469, 227 So.3d 1254, 2017 WL 4272109 (Fla. 2d DCA Sept. 27, 2017) (citing § 775.021(4); Lee v. State, 223 So.3d 342, 348 (Fla. 1st DCA 2017)). If we conclude that they do, “we must then determine if the convictions were predicated- on distinct acts.” Id. (quoting Lee, 223 So.3d at 348). “In determining whether convictions arose from the same criminal episode or were based on distinct acts, ‘the reviewing court examines the entire record, including all evidence admitted at trial.’” Id. (quoting Lee, 223 So.3d at 349). “Only after determining that the convictions arose from the same criminal episode and were not based on distinct acts do we then consider whether each offense requires an element that the other does not.” Id. (citing Batchelor v. State, 193 So.3d 1054, 1058 (Fla. 2d DCA 2016)). Here, there is no dispute that the charged offenses of first-degree fleeing or eluding a law enforcement officer causing serious bodily injury or death and second-degree vehicular homicide arose out of the same criminal episode and are both based on the death of the same victim. Therefore, the issue becomes whether each offense requires an element of proof that the other does not. I conclude that they do not and that therefore McCullough’s convictions for both offenses in this case constitute a double jeopardy violation under section 775.021(4). The offense of vehicular homicide is subsumed within the offense of fleeing or eluding a law enforcement officer causing serious bodily injury or death in this case. The elements of vehicular homicide require a showing that the. defendant (1) killed a human being (2) by the operation of a motor vehicle (3) in a reckless manner likely to cause death or great bodily harm to another. § 782.071(l)(a), Fla. Stat. (2015). Fleeing or eluding a law enforcement officer causing serious bodily injury or death requires a showing that the defendant (1) willfully fled or attempted to elude a law enforcement officer in an authorized law enforcement patrol vehicle with siren and lights activated, (2) drove at a high speed or in any manner demonstrating a wanton disregard-for the safety of persons or property, and (3) caused serious bodily injury or death to another person. § ■ 816.1985.(8)00, Fla. Stat. (2015). While section 316.1935(3)(b) contains the additional elements of fleeing or attempting to elude a law enforcement officer, speeding, and causing serious bodily injury, each element of section 782.071(l)(a) is also an element of section 316.1935(3)(b).[7] As such, vehicular homicide does not “require[ ] proof of an element that [fleeing or eluding a law enforcement officer causing serious bodily injury or death] does not.” See § 775.021(4). The offenses therefore cannot be considered separate offenses pursuant to the statute. Because these two offenses do not pass the Blockburger test as codified in section 775.021(4), it is unnecessary to conduct a single homicide analysis in this case. Nevertheless, I concur with the result of Judge Badalamenti’s single homicide analysis and agree that McCullough’s sentences for both convictions also constitute a doublé jeopardy violation pursuant to the single homicide rule because they are for homicide offenses that are based on the death of a single victim. See State v. Cooper, 634 So.2d 1074, 1074 (Fla. 1994) (“[T]here can be but one penalty imposed for causing the death of a single victim.”); Houser v. State, 474 So.2d 1193, 1196-97 (Fla. 1985) (“[Ojnly one homicide conviction and sentence may be imposed for a single death.... Florida courts have repeatedly recognized that the legislature did not intend to punish a single homicide under two different statutes.”); Linton v. State, 212 So.3d 1100 (Fla. 5th DCA 2017) (holding that convictions for fleeing or eluding a law enforcement officer causing serious bodily injury or death and driving without a valid license causing serious bodily injury or death violate the single homicide rule where they were based on the same homicide); Ivey v. State, 47 So.3d 908, 911 (Fla. 3d DCA 2010) (reaffirming “the well-settled principle that a single death cannot give rise to dual homicide convictions”). See generally State v. Chapman, 625 So.2d 838, 839 (Fla. 1993) (holding that the enactment of section 775.021(4) did not overrule the Florida Supreme Court’s holding in Houser “that a single death cannot support convictions of both DUI manslaughter and vehicular homicide”). Furthermore, I concur in certifying conflict with the First District’s opinion in McKinney v. State, 51 So.3d 645, 648 (Fla. 1st DCA 2011), in which that court held that fleeing or eluding a law enforcement officer causing serious bodily injury or death is not a homicide offense and that thus, the defendant’s convictions for fleeing and eluding and DUI manslaughter based on the death of a single victim did not violate the single homicide rule. That a violation of section 316.1935(3)(b) may be committed by causing serious bodily injury and not death does not alter the application of the single homicide rule; an appellate court is not precluded from considering the pleadings or evidence adduced at trial in determining whether a defendant has been convicted of two homicide offenses based on a single death. See, e.g., Crusaw v. State, 195 So.3d 422, 422 (Fla. 1st DCA 2016) (holding that convictions for vehicular homicide and careless driving with a suspended license causing death or great bodily injury violated the single homicide rule when “[tjhe information listed the same victim for both crimes”); Linton, 212 So.3d at 1102-03. In McKinney, the First District conflates the same elements test under section 775.021(4) and the single homicide rule, incorrectly stating that “[tjhe fact that [the defendant’s] conviction for fleeing or eluding was based upon a death, rather than serious bodily injury, is irrelevant to the double jeopardy analysis.” 51 So.3d at 648. As the First District explained in Lee, it is only when applying the same elements test—the third step of the double jeopardy analysis under section 775.021(4)(a)—that “the accusatory pleading or the proof adduced at trial” may not be considered. 223 So.3d at 350. Because section 316.1935(3)(b) includes the element of causing a death, it is a homicide offense. See Lawrence v. State, 801 So.2d 293, 294-95 (Fla. 2d DCA 2001). And when a conviction for fleeing or eluding causing serious injury or death is based on causing the death of a single victim, it is subject to the single homicide rule. See, e.g., Cooper, 634 So.2d at 1074; Crusaw, 195 So.3d at 422-23. Finally, I disagree with Judge Badalam-enti that the Florida Supreme Court’s opinion in Valdes v. State, 3 So.3d 1067 (Fla. 2009), called into question whether the single homicide rule will remain good law. “Valdes involved convictions for both shooting from a vehicle and shooting into an occupied vehicle arising from a singular shooting incident that did not result in death. Thus, the Valdes court did not determine the double jeopardy consequences of dual homicide convictions arising from a single death.” Ivey, 47 So.3d at 910. . This court hás explained that section 316.1935(3)(b)’s "wanton disregard” language is synonymous with section 782.071(l)’s "reckless operation” language. See State v. Del Rio, 854 So.2d 692, 693 (Fla. 2d DCA 2003).