PER CURIAM.
 

 The appellant, Brian Smith, challenges his convictions for sexual battery on a person under 12 years of age and lewd or lascivious molestation of a victim less than 12 years of age. Mr. Smith asserts that because his convictions for sexual battery and lewd or lascivious molestation arise from the same criminal episode and the same criminal act, they violate double jeopardy. The state concedes error. We agree that Mr. Smith’s dual convictions violate double jeopardy and, therefore, reverse the conviction and sentence for lewd or lascivious molestation, while affirming his conviction for sexual battery.
 

 The standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal episode is whether the Legislature intended to authorize separate punishments for the two crimes.
 
 Valdes v. State,
 
 3 So.3d 1067, 1070 (Fla.2009) (quoting
 
 Gordon v. State,
 
 780 So.2d 17,19-20 (Fla.2001)). Absent a clear statement of legislative intent to authorize separate punishments for two crimes, courts employ the
 
 Blockburger
 
 test, as codified in section 775.021(4), Florida Statutes, to determine whether separate offenses exist.
 
 Id.
 

 [1]
 

 Recently in
 
 Partch v. State,
 
 — So.3d-(Fla. 1st DCA 2010), this court construed section 775.021(4) to require a three-part inquiry in any double jeopardy analysis. First, the court must determine whether the offenses occurred within the same criminal episode. Second, the court must determine whether there is more than one distinct act upon which the offenses are predicated. Third, the court must engage in the
 
 Blockburger
 
 same-elements test, i.e., whether each offense has an element the other does not, and if so whether one of the exceptions set forth in section 775.021(4)(b) applies to preclude separate convictions and sentences.
 
 Partch,
 
 — So.3d at --. If it is determined that the charged offenses occurred in different criminal episodes or constituted different acts, the offenses do not violate double jeopardy and no further analysis is required.
 

 We begin with the first and second elements of the test, determining (1) whether the offenses occurred within the same criminal episode; and (2) whether
 
 *1043
 
 there is more than one distinct act upon which the offenses are predicated. In this case, there is a single criminal episode: The victim testified at trial that the conduct at issue did not “happen [to her] at any other time.” There is also a single criminal act within that episode: The victim testified to only a single touching of a body part prohibited by sections 800.04(5) and 794.011(l)(h), specifically Mr. Smith’s penetration of the victim’s vagina.
 

 Because the two offenses charged in this case arise from a single criminal act within a single criminal episode, the next inquiry is whether the two offenses are the “same offense” based on the
 
 Blockburger
 
 test. § 775.021(4)(a), Fla. Stat. (“[0]ffenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.”). Lewd or lascivious molestation requires proof of an intentional touching of certain body parts, and sexual battery requires proof of penetration or union with those same body parts. The criminal act under both section 794.011(2)(a) and section 800.04(5) is an intentional touching of the type prohibited by the respective statutes. Under the
 
 Blockburger
 
 test, the two charged offenses arise from a single criminal act and constitute the same offense.
 

 Although Mr. Smith relies on this court’s opinion in
 
 Beahr v. State,
 
 992 So.2d 844, 845 (Fla. 1st DCA 2008), to support his argument that sexual battery and lewd or lascivious molestation constitute the same offense for double jeopardy purposes when they occur in the same criminal episode, that case has been superseded by the supreme court’s decision in
 
 State v. Meshell,
 
 2 So.3d 132 (Fla.2009). In
 
 Meshell,
 
 the court held that double jeopardy principles do not necessarily preclude convictions for two different sexual offenses committed by different acts during the same criminal episode. This case can be distinguished from both
 
 Beahr
 
 and
 
 Meshell.
 
 The testimony at trial showed that the proof of touching to support the lewd or lascivious charge was the same touching which occurred in the act of sexual battery by digital penetration.
 

 This case also can be distinguished from this court’s recent opinion in
 
 Roberts v. State,
 
 39 So.3d 372 (Fla. 1st DCA 2010). In
 
 Roberts,
 
 this court followed the supreme court’s reasoning in
 
 Meshell,
 
 and held that the defendant’s convictions for sexual battery and lewd or lascivious molestation did not violate double jeopardy principles where the single criminal episode consisted of two specific acts — oral and vaginal penetration by the appellant’s penis, which required different elements of proof from touching the victim’s genitals or breasts with his hands or mouth. Here, the proof of touching to support the lewd or lascivious charge was the same proof required to support the charge of sexual battery by digital penetration.
 

 For these reasons, we find the state properly conceded that the trial court fundamentally erred by entering judgment against Mr. Smith for both sexual battery and lewd or lascivious molestation. While we affirm Mr. Smith’s conviction and sentence for sexual battery, we reverse the conviction for lewd or lascivious molestation and remand to the trial court to vacate that conviction.
 
 See Capron v. State,
 
 948 So .2d 954, 961 (Fla. 5th DCA 2007).
 

 REVERSED.
 

 WOLF, CLARK, and ROWE, JJ., concur.
 

 [1]
 

 .
 
 Blockburger v. United States,
 
 284 U.S. 299, 52 S.Cl. 180, 76 L.Ed. 306 (1932).