PER CURIAM.
 

 Appellant, Aaron Berlin, appeals his judgments and sentences for two counts of sexual battery on a person less than twelve years of age and one count of lewd or lascivious molestation. He raises two issues on appeal, only one of which merits discussion. Specifically, Appellant argues that because his two convictions for sexual battery and one conviction for lewd or lascivious molestation arise from two criminal acts committed in the same criminal episode, the convictions for both counts of sexual battery and lewd or lascivious molestation violate double jeopardy. The State properly concedes error. We agree that the dual convictions constitute double jeopardy. Consequently, we reverse the conviction for lewd or lascivious molestation, while affirming his convictions for sexual battery.
 

 All three offenses at issue occurred during the same criminal episode. The first count of sexual battery was based on Appellant’s union with or penetration of the child victim’s vagina with his penis, and the second count was based on his union with or penetration of the child victim’s anus with his penis. There was not a separate act that formed the basis for the lewd or lascivious molestation charge, as the State candidly conceded in its closing argument. The jury found Appellant guilty as charged on all counts, and he was sentenced to concurrent terms of life imprisonment on each count. Appellant filed a motion to correct illegal sentence arguing that his conviction and sentence for lewd or lascivious molestation violated the double jeopardy doctrine. The trial court denied the motion. We review this issue
 
 de novo. State v. Paul,
 
 934 So.2d 1167, 1171 (Fla.2006) (receded from on other grounds in
 
 Valdes v. State,
 
 3 So.3d 1067, 1077 (Fla.2009)).
 

 This Court has already held that the criminal acts prohibited by sections
 
 *285
 
 794.011(2)(a) (sexual battery) and 800.04(5) (lewd or lascivious molestation), Florida Statutes (2008), constitute the same offense under the
 
 Blockburger
 

 [1]
 

 test when they arise from a single criminal act.
 
 Smith v. State,
 
 41 So.3d 1041, 1043 (Fla. 1st DCA 2010). Here, the three offenses charged arise from two criminal acts of touching or penetration committed within a single criminal episode. It was not improper for the trial court to adjudicate Appellant guilty of two counts of sexual battery for the separate acts of touching the victim’s vagina with his penis and of touching the victim’s anus with his penis.
 
 State v. Meshell,
 
 2 So.3d 132, 135 (Fla.2009). However, the trial court’s decision to enter a judgment against Appellant for both counts of sexual battery and lewd or lascivious molestation, when' only two acts of touching were alleged, constituted double jeopardy. Therefore, we affirm Appellant’s convictions and sentences for sexual battery but reverse the conviction for lewd or lascivious molestation and remand to the trial court to vacate that conviction.
 

 AFFIRMED in part; REVERSED in part; and REMANDED with instructions.
 

 WOLF, LEWIS, and RAY, JJ., concur.
 

 [1]
 

 .
 
 Blockburger
 
 v.
 
 United States,
 
 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).