ORFINGER, C.J.
James Roughton appeals his convictions for sexual battery on a person under twelve years of age and lewd or lascivious molestation of a victim less than twelve years of age. Mr. Roughton asserts that because his convictions for sexual battery and lewd or lascivious molestation arise from the same criminal act, they violate his constitutional protections against double jeopardy.[1] The State concedes that the convictions were based on the same act, but argues that the convictions do not violate double jeopardy. We affirm both convictions.[2]
“Determining whether double jeopardy is violated based on undisputed facts is a purely legal determination, so the standard of review is de novo.” Binns v. State, 979 So.2d 439, 441 (Fla. 4th DCA 2008). “The prevailing standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the Legislature ‘intended to authorize separate punishments for the two crimes.’ ” Valdes v. State, 3 So.3d 1067, 1070 (Fla.2009) (quoting M.P. v. State, 682 So.2d 79, 81 (Fla.1996)). Absent clear legislative intent to authorize separate punishments, courts employ the Blockburger[3] “same elements” test, ie., “whether each offense has an element that the other does not,” codified at section 775.021(4)(a), Florida Statutes (2008).[4] If each of the offenses has an element that the other does not, the court must then determine if one of the excep *286 tions set forth in section 775.021(4)(b)[5] applies to preclude separate convictions and sentences. Valdes, 3 So.3d at 1070.
Florida courts have reached differing conclusions about whether sexual battery and lewd or lascivious molestation have different elements. The Fourth District Court holds that the offenses of lewd or lascivious molestation and sexual battery each contain an element that the other does not. As a result, that court concluded that a conviction of both, arising from the same underlying act, is not a violation of double jeopardy. See, e.g., Darville v. State, 995 So.2d 1025, 1027 (Fla. 4th DCA 2008) (“We have no difficulty in ascertaining that the lewd and lascivious molestation offense contains an element not found in the sexual battery conviction, and vice versa.”). Conversely, the First and Second District Courts both hold that convictions of sexual battery and lewd or lascivious molestation arising from the same criminal act are barred by double jeopardy. See, e.g., Berlin v. State, 72 So.3d 284, 284-85 (Fla. 1st DCA 2011); Smith v. State, 41 So.3d 1041, 1043 (Fla. 1st DCA 2010) (“Lewd or lascivious molestation requires proof of an intentional touching of certain body parts, and sexual battery requires proof of penetration or union with those same body parts. The criminal act under both section 794.011(2)(a) and section 800.04(5) is an intentional touching of the type prohibited by the respective statutes. Under the Blockburger test, the two charged offenses arise from a single criminal act and constitute the same offense.”); Robinson v. State, 919 So.2d 623, 623 (Fla. 2d DCA 2006) (holding double jeopardy principles preclude convictions for both sexual battery and lewd or lascivious molestation based on one act); Johnson v. State, 913 So.2d 1291, 1291 (Fla. 2d DCA 2005).
Here, there is no specific statement of legislative intent to have sexual battery and lewd or lascivious molestation punished separately when the two crimes arise from a single act. However, section 775.021(4)(a) establishes the general legislative intent to punish separate offenses that arise from the same act. Thus, we must utilize the Blockburger “same elements” analysis. Roberts v. State, 39 So.3d 372, 373 (Fla. 1st DCA 2010). Comparing the lewd or lascivious and sexual battery statutes demonstrates that their elements are different. Lewd or lascivious molestation requires a specific lewd or lascivious intent, which sexual battery does not. Admittedly, lewd or lascivious intent is often associated with sexual battery, however, it is not an element of that crime, and may be committed without the intent for sexual satisfaction.[6] Surace v. State, 378 So.2d 895 (Fla. 3d DCA 1980) (holding intent to obtain sexual gratification not essential element of sexual battery); see *287 State v. Wiley, 181 Vt. 300, 917 A.2d 501, 505 (2007) (distinguishing sexual assault from lewd or lascivious conduct for double jeopardy purposes based upon intent).
In addition, the anatomy protected by the statutes is, or may be, different. For example, touching the buttocks of a child in a lewd manner would constitute a lewd or lascivious molestation, but would not constitute a sexual battery. Instead, sexual battery requires either penetration or oral, anal or vaginal union with the sexual organ of another, neither of which are elements of lewd or lascivious molestation. Further, the two offenses are not subject to any of the three exceptions set out in section 775.021(4)(b) in that they do not require identical elements of proof, are not degrees of the same offense as provided by statute, nor is one subsumed by the other. Hence, because they are separate statutory offenses not subject to any of the enumerated exceptions, convictions of lewd or lascivious molestation and sexual battery arising from the same act do not violate the prohibition against double jeopardy.
For these reasons, we affirm Mr. Roughton’s convictions. In doing so, we certify direct and express conflict with Berlin v. State, 72 So.3d 284 (Fla. 1st DCA 2011); Smith v. State, 41 So.3d 1041 (Fla. 1st DCA 2010); Robinson v. State, 919 So.2d 623 (Fla. 2d DCA 2006); and Johnson v. State, 913 So.2d 1291 (Fla. 2d DCA 2005).[7]
AFFIRMED; CONFLICT CERTIFIED.
PALMER and EVANDER, JJ., concur.

. Both counts of the information allege that Mr. Roughton placed his mouth on the victim’s penis.

. Although the trial court adjudicated Mr. Roughton guilty of lewd or lascivious molestation, it failed to impose a sentence. Withholding the sentence on one of the two convictions does not cure a double jeopardy violation. See Bolding v. State, 28 So.3d 956 (Fla. 1st DCA 2010).

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

.Section 775.021(4)(a), Florida Statutes (2008), states:
Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.

. Section 775.021(4)(b), Florida Statutes (2008), states:
The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3.Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

. The lewd or lascivious statute was substantially amended in 1999. Under the previous language, the proscribed acts expressly excluded "the crime of sexual battery.” Welsh v. State, 850 So.2d 467, 471 n. 5 (Fla.2003). Hence, cases decided prior to that amendment are not particularly helpful.

. We find no merit in Mr. Roughton’s Williams rule argument and decline to address it.