WETHERELL, J.
Appellant, Jehu Ramirez, was sentenced to consecutive terms of life in prison after being found guilty of sexual battery and lewd or lascivious molestation of a four-year-old girl, A.Z. Ramirez raises six issues on appeal, only two of which merit discussion: (1) whether the trial court erred in admitting his confession into evidence without first determining that the confession was trustworthy as required by section 92.565, Florida Statutes; and (2) whether his dual convictions violate the prohibition against double jeopardy. We affirm the first issue because section 92.565 only applies where the State is unable to prove corpus delicti and, here, the State presented sufficient evidence to establish corpus delicti before introducing Ramirez’s confession. However, as to the second issue, we agree with Ramirez that his dual convictions violate the prohibition against double jeopardy under this court’s precedent. Accordingly, we reverse Ramirez’s conviction for lewd or lascivious molestation and remand to the trial court to vacate that conviction. We affirm the other issues raised by Ramirez without further comment.

Facts

On April 9, 2010, Ramirez’s girlfriend, Ana Salinas, was babysitting A.Z. at Salinas’ house while A.Z.’s mother was at work. Ramirez lived with Salinas and was the only adult male in the'house on that day. When AZ.’s mother picked her up, A.Z. told her that Ramirez touched her “vulva,” which was the word A.Z. used to refer to her vagina. Later that day, A.Z’s mother took A.Z. to the hospital where she was examined by a nurse practitioner. The examination did not find any evidence of sexual abuse, but A.Z.’s blood was found in her panties.
Several days later, A.Z. was interviewed by a member of the child protection team (CPT). A.Z. told the CPT interviewer that a man put his finger inside her “vulva” when she was at Salinas’ house while her mother was at work. She told the CPT interviewer that the incident happened in a bedroom while Salinas was cooking food for the other children at the house, and she explained that the man opened her legs and put his finger all the way inside of her. She also told the CPT interviewer that the man touched her “bumpie,” which was the word A.Z. used to describe her buttocks.
The following day, Ramirez was interviewed by a deputy with the Jacksonville Sheriffs Office. He initially denied touching A.Z. inappropriately, but he eventually admitted to sexually abusing her by putting his fingers inside her vagina. He stated that he was in his bedroom with A.Z. when the abuse occurred and his description of the incident matched the description given by A.Z. to the CPT inter *650 viewer. Ramirez was thereafter arrested and charged with sexual battery under section 794.011(2)(a), Florida Statutes, for “placing his fingers inside the vagina of A.Z.” and with lewd or lascivious molestation under section 800.04(5)(b), Florida Statutes, for “touching] the breast, genitals, genital area, or buttocks, or the clothing covering them, of A.Z.”
The case went to trial in October 2012. The State’s first witness was A.Z., who was seven years old at the time of trial. She testified that, although she did not remember all of the details, she remembered that a man did something to her when she was four years old that she did not like. A.Z. testified that her mother was at work and that she was at her babysitter’s house when a man touched her on her front “private part” and put his fingers inside her “vulva.” She testified that it hurt and that she told her mother what happened when her mother picked her up that day even though the man told her not to tell anyone what happened. A.Z. described the man as having black hair and a dark tan, but she was not able to identify Ramirez as the man at trial.
The State next presented the testimony of A.Z.’s mother. The mother described what A.Z. told her when she picked up A.Z. from Salinas house on the day of the incident. She was also unable to identify Ramirez at trial because, even though she knew that Salinas’ boyfriend lived with her at the time of the incident, most of her contact was with Salinas.
The State next presented testimony of the CPT interviewer and played the video of the CPT interview for the jury.[1] In the video, A.Z. described the incident at Salinas’ house when a man put his finger in her “vulva” and she also described how the man touched her “bumpie.”
The State then presented the testimony of the deputy who investigated the case and interviewed Ramirez. The deputy testified as to how Ramirez was identified as the likely perpetrator, but when the prosecutor started to question the deputy about his interview with Ramirez, defense counsel objected. Counsel argued that the State had not established a corpus delicti because no evidence was presented identifying Ramirez as the man who had inappropriately touched A.Z. Counsel also questioned the trustworthiness of the confession. The trial court overruled the objection and the deputy thereafter testified that, during the interview, Ramirez confessed to putting his fingers into A.Z.’s vagina. The video of Ramirez’s confession was also played for the jury.
Finally, the State presented the testimony of Salinas. She testified that Ramirez lived with her and that he was the only adult male present in the house on the day of the incident. However, she also testified that Ramirez was not alone with A.Z. on the day of the incident; that A.Z. was never in the bedroom where she claimed the incident occurred; and that A.Z. did not appear to be sad and was acting normal when her mother picked her up on the day of the incident.
In closing argument, the prosecutor told the jury that the lewd or lascivious molestation count required the State to prove that Ramirez “touched the breasts, the genitals, genital area, or the buttocks ... any one of those ....” In arguing how the State met its burden of proof as to this count, the prosecutor told the jury that *651 “[A.Z.] clearly demonstrated in her CPT video that [Ramirez’s] hand went inside her pants, it went inside her underwear, it went inside her vagina.” Defense counsel objected and, at sidebar, told the court that it was her understanding that “Count I [sexual battery] goes to the touching of the vagina, and Count II [lewd or lascivious molestation] goes to ... the touching of the buttocks.” The prosecutor responded that “Count I is the digital penetration and Count II is touching.” The trial court overruled the objection based upon the language of the information, which, in Count II, referred to touching of either genitals or buttocks. Immediately thereafter, the prosecutor argued to the jury that in “Count I we had to prove he penetrated, and Count II we had to prove he just touched.”
The jury found Ramirez guilty as charged on both counts. The trial court sentenced Ramirez to consecutive terms of life in prison and designated him as a sexual predator. This appeal followed.

Analysis

In his first issue on appeal, Ramirez contends that the trial court erred in admitting his confession because the trial court did not find that the confession was trustworthy as required by section 92.565. We find no merit in this argument.
In criminal prosecutions, the State is required to prove corpus delicti independently of the defendant’s confession before the confession may be admitted into evidence. Franqui v. State, 699 So.2d 1312, 1317 (Fla.1997). To do so, the State must establish:
(1) that a crime of the type charged was committed; and (2) that the crime was committed through the criminal agency of another. In regard to the first part — that a crime was committed— each element of the relevant offense must be shown to exist. With respect to the second part — the criminal agency of another — the proof need not show the specific identity of the person who committed the crime. That is, it is not necessary to prove that the crime was committed by the defendant.
Id. (citations omitted); see also State v. Allen, 335 So.2d 823, 825 (Fla.1976) (explaining that corpus delicti can be established by circumstantial evidence and emphasizing that identification of the defendant is not a necessary predicate for the admission of a confession).
Section 92.565 provides an exception to the corpus delicti rule for criminal prosecutions of certain types of sexual abuse crimes. See Hobbs v. State, 999 So.2d 1025 (Fla.2008); Bradley v. State, 918 So.2d 337 (Fla. 1st DCA 2005). The statute provides in pertinent part:
In any criminal action in which the defendant is charged with a crime against a victim under s. 794.011; s. 794.05; s. 800.04; s. 826.04; s. 827.03, involving sexual abuse; s. 827.04, involving sexual abuse; s. 827.071; or s. 847.0135(5), or any other crime involving sexual abuse of another, or with any attempt, solicitation, or conspiracy to commit any of these crimes, the defendant’s memorialized confession or admission is admissible during trial without the state having to prove a corpus delicti of the crime if the court finds in a hearing conducted outside the presence of the jury that the state is unable to show the existence of each element of the crime, and having so found, further finds that the defendant’s confession or admission is trustworthy.
[[Image here]]
§ 92.565(2), Fla. Stat. (2009) (emphasis added).
By its plain language, section 92.565 is only implicated when the State “is unable to show the existence of each element of *652 the crime.” Thus, if the State is able to establish corpus delicti independently of the confession, the statute does not apply and it is “unnecessary for the trial court to test the reliability of the confession using the procedures outlined in section 92.565.” Tanzi v. State, 964 So.2d 106, 116 (Fla.2007). That is what happened here.
In this case, the State did not — and did not need to — rely on section 92.565 to introduce Ramirez’s confession because it was able to prove corpus delicti independently of, and prior to introducing the confession. Indeed, before the confession was admitted, the State had already presented direct evidence of each element of sexual battery and lewd or lascivious molestation through A.Z.’s testimony (at trial and through the CPT interview) that a man inserted his fingers into her vagina when she was four years old. See §§ 794.011(2)(a), 800.04(5)(b), Fla. Stat. Moreover, even though it was not required to do so in order to establish corpus de-licti, the State also had already presented circumstantial evidence that Ramirez was the man who committed the crimes against A.Z. since he was the only adult male living at the house where the incident occurred. Accordingly, because section 92.565 is not implicated in this case, the trial court properly admitted Ramirez’s confession without first determining its trustworthiness.
Turning to the second issue, Ramirez contends that his dual convictions violate the prohibition against double jeopardy because, based upon how the case was argued to the jury, the lewd or lascivious molestation conviction was for the same vaginal touching that resulted in the vaginal penetration upon which the sexual battery conviction was based. The State does not take issue with this characterization of the case and effectively concedes that, based upon this court’s decisions in Smith v. State, 41 So.3d 1041 (Fla. 1st DCA 2010), and Berlin v. State, 72 So.3d 284 (Fla. 1st DCA 2011), Ramirez’s dual convictions violate the prohibition against double jeopardy. However, the State notes that the Fifth District certified conflict with Smith and Berlin in a case that is pending review at the Florida Supreme Court.[2] See Roughton v. State, 92 So.3d 284 (Fla. 5th DCA 2012), review pending Case No. SC12-1719.
In Smith, this court held, that the defendant’s conviction for lewd or lascivious molestation violated the prohibition against double jeopardy when the offense was based upon a single act of digital penetration that also resulted in a sexual battery conviction. See 41 So.3d at 1043. Likewise, in Berlin, we held that the defendant’s conviction for lewd or lascivious molestation violated the prohibition against double jeopardy where the offense was based upon the same act that resulted in his conviction for sexual battery. See 72 So.3d at 284. By contrast, in Roughton, the Fifth District held that the defendant’s dual convictions for sexual battery and lewd or lascivious molestation did not violate the prohibition against double jeopardy because the offenses included different elements and none of the exceptions in section 775.021(4)(b), Florida Statutes, applied. See 92 So.3d at 286-87.
Here, as in Smith and Berlin, Ramirez dual convictions resulted from the same act of touching/penetration. Indeed, even though there was some evidence that Ra *653 mirez also inappropriately touched A.Z.’s buttocks, the prosecutor made clear in her closing argument that the sexual battery charge was based on Ramirez inserting his fingers into A.Z.’s vagina and the lewd or lascivious molestation charge was based upon the same touching of the vagina. Accordingly, pursuant to Smith and Berlin, Ramirez’s conviction for lewd or lascivious molestation is barred by double jeopardy and must be reversed. We recognize that this holding conflicts with Roughton and, thus, we certify conflict with that decision.

Conclusion

In sum, for the reasons stated above, we reverse Ramirez’s conviction for lewd or lascivious molestation and remand to the trial court to vacate that conviction. We affirm Ramirez’s judgment and sentence in all other respects.
AFFIRMED in part; REVERSED in part; REMANDED with directions; CONFLICT CERTIFIED.
LEWIS, C.J., and ROWE, J., concur.

. Prior to trial, the trial court held an eviden-tiary hearing and entered an order finding that the video and the hearsay statements made by A.Z. to the CPT interviewer were admissible under section 90.803(23), Florida Statutes. Ramirez does not challenge that ruling on appeal.

. The State does not argue that Smith and Berlin are wrongly decided or ask us to recede from those decisions and adopt the reasoning in Roughton. Instead, the State asks us to "stay [our] decision regarding this issue pending resolution of Roughton by the Supreme Court." We deny this request.