PER CURIAM.
Sanjaykumar Patel (the defendant) appeals the trial court’s order summarily denying his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. Although the defendant raises several issues on appeal, only one merits discussion. The defendant argues that the trial court erred in summarily denying ground three of his motion, wherein he alleged that his counsel was ineffective for failing to advise him that his convictions violated double jeopardy. On the limited record before us, we agree with the defendant. Accordingly, we affirm in part, reverse in part, and remand.
The defendant entered a negotiated plea to several counts, including one count of sexual battery[1] and one count of lewd or lascivious battery of a child twelve years of age or older.[2] In count three of his rule 3.850 motion, the defendant alleged that counsel was ineffective for failing to advise him that convictions on these two counts violated double jeopardy because they arose out of the same criminal episode.
Florida case law provides that a negotiated plea agreement can serve as a basis for waiver of a double jeopardy claim. However, such case law applies to double jeopardy claims raised on direct appeal, not collateral appeal. For double jeopardy claims raised in a collateral rule 3.850 matter, the fact that the defendant entered into a negotiated plea agreement does not preclude him from seeking review of an ineffective assistance of counsel claim which is based on the contention that defense counsel failed to advise him, before he entered his plea, that there were potential double jeopardy issues.
Wilkerson v. State, 128 So.3d 189, 189-90 (Fla. 5th DCA 2013) (citations omitted).
The trial court summarily denied this claim, concluding that the amended information was clear that each conviction was for a separate act and, accordingly, did not violate the prohibition against double jeop *739 ardy. The court further ruled that under Roughton v. State, 92 So.3d 284 (Fla. 5th DCA 2012), even if the two offenses were based on the same act, no double jeopardy violation occurred.
Sexual battery is defined as “oral, anal, or vaginal penetration by, or union with the sexual organ of another, or the vaginal or anal penetration of another by any other object.” § 794.011(l)(h), Fla. Stat. (2011). Lewd or lascivious battery is committed when a person engages in sexual activity with a person twelve years of age or older, but less than sixteen years of age. § 800.04(4)(a), Fla. Stat. (2011). Sexual activity is defined as “the oral, anal, or vaginal penetration by, or union with, the sexual organ of another, or the anal or vaginal penetration of another by any other object.” § 800.04(l)(a), Fla. Stat. (2011). Thus, the defendant’s conviction for lewd or lascivious battery could have been based on the same act as his conviction for sexual battery. Because the record does not conclusively refute the defendant’s claim that these two convictions violate the prohibition against double jeopardy, we remand this matter to the trial court to either hold an evidentiary hearing or attach portions of the record that conclusively refute the defendant’s ineffective assistance of counsel claim by showing that the two counts arose out of separate incidents..
The trial court also concluded that convictions for sexual battery and lewd and lascivious battery arising from the same act do not "violate double jeopardy, citing to Roughton v. State, 92 So.3d 284 (Fla. 5th DCA 2012). However, Roughton is distinguishable from the instant case because Roughton involved a claim of lewd or lascivious molestation rather than lewd or lascivious battery. Lewd or lascivious battery, unlike lewd or lascivious molestation, does not require a lewd or lascivious intent. See § 800.04(1), Fla. Stat. (2011).
AFFIRMED in part; REVERSED in part; REMANDED.
PALMER, EVANDER and LAMBERT, JJ., concur.

. § 794.011, Fla. Stat. (2011).

. § 800.04, Fla. Stat. (2011).