CANADY, J.
In this case we consider whether dual convictions for capital sexual battery and lewd or lascivious molestation based on a single act violate the constitutional prohibition against double jeopardy. Our analysis turns on the rule of construction in section 775.021(4), Florida Statutes (2008); regarding “separate criminal offenses” “committed in the course of - one criminal episode or transaction.” We have for-review Roughton v. State, 92 So.3d 284 (Fla. 5th DCA 2012), in which the Fifth District Court of Appeal held that dual convictions for both capital sexual battery and lewd or lascivious molestation based on a single act do not result in a double jeopardy violation. The Fifth District certified conflict with Berlin v. State, 72 So.3d 284 (Fla. 1st DCA 2011), Smith v. State, 41 So.3d 1041 (Fla. 1st DCA 2010), Robinson v. State, 919 So.2d 623 (Fla. 2d DCA 2006), and Johnson v. State, 913 So.2d 1291 (Fla. 2d DCA 2005), in which the First and Second District Courts of Appeal held that dual convictions for sexual battery and lewd or lascivious molestation do violate the prohibition against double jeopardy when they are based on a single act. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons we explain, we approve the Fifth District’s decision in Roughton and disapprove the decisions of the First and Second Districts in Berlin, Smith, Robinson, and Johnson. We also recede from our prior decision in Gibbs v. State, 698 So.2d 1206 (Fla.1997).
I. BACKGROUND
James Roughton was convicted of both sexual battery on a person under twelve years of age[1] — commonly known as capital sexual battery — and lewd or lascivious molestation on a person under twelve years of age[2] for the single act of placing his mouth on the seven-year-old victim’s penis. .On appeal, .Roughton argued that his dual convictions. for sexual battery and lewd or lascivious molestation violated his constitutional protection against double jeopardy because the two convictions were based on a single act. Roughton, 92 So.3d at 285. The State agreed that the convictions were based on a single act but argued that there was no double jeopardy violation. Id.
Finding no specific statement by the Legislature that it intended to punish sexual battery and lewd or lascivious molestation separately, the Fifth District applied the “same elements” test set forth in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and codified in section 775.021(4)(a). Under the basic rule of Blockburger and section 775.021(4)(a), if “each offense requires proof of an element that the other does not,” separate punishments for each offense do not violate the prohibition against double jeopardy.
*1209 The Fifth District held that- the two offenses each have elements.that the other does not, in that “[l]ewd or lascivious molestation requires a specific lewd or lascivious intent, which sexual battery does not,” and “sexual battery requires either penetration or oral, anal' or vaginal union with the sexual organ of another, neither- of which'are elements of lewd ór lascivious molestation.” Roughton, 92 So.3d at 286-87. Thus, “the anatomy protected by the statutes is, or may be, different. For example, touching the buttocks of a child in a lewd manner would constitute a lewd or lascivious molestation, but would not constitute a sexual battery.”, Id. at 287. The court determined that none of the exceptions to the Blockburger “same elements” test — set out in section 77S.021(4)(b) — were applicable and therefore .concluded that convictions for- both lewd or lascivious molestation and sexual battery ■ arising from the same act do not violate the prohibition against double jeopardy. Id. - - ■
II. ANALYSIS
The double jeopardy clauses, contained in the Fifth Amendment to the United States Constitution and article I, section 9 of the Florida Constitution, prohibit the imposition of multiple punishments for the same criminal offense.. But the double jeopardy clauses do not prohibit multiple punishments for different offenses arising out of the same criminal transaction or episode if the Legislature intended to authorize separate punishnients. Valdes v. State, 3 So.3d 1067, 1069 (Fla.2009). “The Double Jeopardy Clause presents no substantive limitation on the legislature’s power to prescribe multiple punishments, but rather, seeks only to prevent courts either from allowing multiple prosecutions or from imposing multiple punishments for a single, legislatively defined offense.” Borges v. State, 415 So.2d 1265, 1267 (Fla.1982) (citation omitted).
Section 776.021(4)(a) requires that an offender who “commits an act dr acts which constitute one or more separate criminal offenses ... be sentenced, separately for each criminal offense” even if those offenses aré committed “in the course of one criminal transaction or episode.” “[Ojffenses, are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.” § 775.021(4)(a), Fla. Stat. (2008). Section 775.021(4)(b), Florida Statutes (2008), provides:
The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
The application of the statutory rule of construction based on undisputed facts is a legal issue, subject to de novo review. State v. Drawdy, 136 So.3d 1209, 1213 (Fla.2014).
As the Fifth District recognized, whether Roughton’s dual convictions for sexual battery and lewd or lascivious molestation based on a single act violate the prohibition against double jeopardy depends on whether each offense. requires proof of an element the other does not. Sexual battery is defined as “oral, anal, or vaginal penetration by, or union[3] with, *1210 the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a ,bona fide medical purpose.” § 794.011(h), Fla. Stat. (2008). In contrast, lewd or lascivious molestation occurs when a person “intentionally touches in a lewd or lascivious manner [4] the breasts, genitals, genital area, or buttocks, or the clothing covering them,'of a person less than 16 years of age, or forces or entices a person under 16 years of age to so touch the perpetrator[.]” § 800.04(5)(a), Fla. Stat. (2008).
Although the conduct constituting capital sexual battery will as a practical matter ordinarily — if not always — also constitute lewd or lascivious molestation, the formal elements of these two crimes are quite distinct.. And section 775.021(4) requires analysis based on the formal elements of the crimes. Establishing capital sexual battery — like any other sexual battery— requires proof of either penetration or oral, anal, or vaginal union with the sexual organ of another, while establishing lewd or lascivious molestation requires proof of intentional touching of the breasts, geni-tkls, genital area,' or buttocks, or the clothing covering those areas. Lewd or lascivious molestation requires proof that the touching was done with a lewd or lascivious intent, while sexual battery may be committed without any proof of a specific sensual intent. Each offense requires proof of an element that the other does not; therefore, they are “separate offenses” under section 775.021(4)(a).
Where even a single act constitutes multiple separate criminal offenses, as defined in section 775.021(4)(a), the offender must be- sentenced separately for each offense unless one of the three exceptions iri section 775.021(4)(b) applies. Capital sexual battery (like any other sexual battery) and lewd or lascivious molestation do not require identical elements of proof and are not degrees of the same offense as provided by statute. ■ Nor is one a lesser included offense of the other. We therefore conclude that Roughton’s separate sentences for capital sexual battery and lewd or lascivious molestation arising from a single act do not violate the prohibition against double jeopardy.
We recognize that in Gibbs -this Court held that for purposes of determining whether a double -jeopardy violation has occurred, courts must analyze an alternative conduct statute — i.e., a statute that proscribes conduct in the alternative, such as a touching of the breasts, buttocks, genital's, or genital area — by breaking out and comparing only the specific alternative conduct that is the same as the conduct prohibited by the other statute being compared, and cannot consider the entire range of conduct proscribed by the statute. 698 So.2d at 1209-10. But our holding in Gibbs is irreconcilable with “the plain language of section 775.021(4)(a), which requires that .the elements of the offenses-be compared “without,regard to the accusatory pleading or the proof adduced at trial” (Emphasis added.) It runs afoul of the Legislature’s intent “to convict and sentence for each criminal offense committed in the.course of one criminal episode or transaction and not to allow the principle of. lenity as- set forth in-, subsection [775.021](1) to determine legislative intent.” § 775.021(4)(b),‘ Fla. Stat. (2008).
In Florida, the presumption in favor of stare decisis is strong, but hot unwavering. Brown v. Nagelhout, 84 So.3d 304, 309 (Fla.2012). The doctrine of stare decisis may bend “where there has *1211 been an error in legal analysis.” Id. (quoting Puryear v. State, 810 So.2d 901, 905 (Fla.2002)). We have recognized that “[s]tare decisis does not yield based on a conclusion that a precedent is merely erroneous” but that an error is of sufficient gravity to justify departing from precedent where the prior decision is “unsound in principle” or “unworkable in practice.” Id. (quoting Allied-Signal, Inc. v. Dir., Div. of Taxation, 504 U.S. 768, 783, 112 S.Ct. 2251, 119 L.Ed.2d 533 (1992)).
We conclude that a serious legal error was committed in Gibbs, which flies in the face of the manifest intent of the Legislature. Gibbs “is based on a serious interpretative error, which resulted in imposing a meaning on the statute that is ‘unsound in principle.’ ”' Id. at 310 (quoting Allied-Signal, 504 U.S. at 783, 112 S.Ct. 2251). Thus, we find it necessary to recede from Gibbs.
III. CONCLUSION
For the reasons explained above, we approve the decision of the Fifth District in Roughton and disapprove the decisions of the First and Second Districts in Berlin, Smith, Robinson, and Johnson. We recede from our prior decision in Gibbs and hold that a double jeopardy analysis must — in accordance with section 775.021(4) — be conducted without regard to the accusatory pleading or the proof adduced at trial, even where an alternative conduct statute is implicated.
It is so ordered.
LABARGA, C.J., and PARIENTE, LEWIS, POLSTON, and PERRY, JJ., concur.
QUINCE, J., dissents with an opinion.

. § 794.011(2)(a), Fla. Stat. (2008).

. § 800.04(5)(b), Fla. Stat. (2008).

3. " ‘Union’ means contact.” Fla. Std. Jury Instr. (Crim.) 11.1.

4. “The words ‘lewd’ and ‘lascivious’ mean the same thing: a wicked, lustful, unchaste, licentious, or sensual intent on the part of the person doing an act.” Fla. Std. Jury Instr. (Crim.) 11.10(c).