IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ANTHONY DOYLE,

     Appellant,

 v.                                   Case No.  5D17-686

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed February 23, 2018

Appeal from the Circuit Court
for Seminole County,
Debra S. Nelson, Judge.

James S. Purdy, Public Defender,
and Glendon George Gordon, Jr,
Assistant Public Defender, Daytona
Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kaylee D. Tatman,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

     Anthony Doyle appeals his convictions and sentences for extortion under section

836.05, Florida Statutes (2015), and written threats to kill or do bodily injury under section

836.10, Florida Statutes (2015), arguing that the dual convictions violate double jeopardy.

We agree and therefore reverse and remand for resentencing.

The evidence adduced at trial was that Doyle sent a handwritten letter to his pastor, threatening "a slow and painful death" for the pastor's children and their families if the pastor failed to deliver $15,000 to Doyle or if he notified the police. Doyle claimed that he also received a letter, which he showed to the pastor, stating that the pastor had a package that Doyle was to pick up and take to the alleged extorters, or they would kill Doyle's parents and wife.

Doyle became the subject of the police investigation because the two letters contained the same handwriting and matched the handwriting in a written statement Doyle had provided the police in an unrelated case.[1] The jury returned a guilty verdict on both charges. Doyle was sentenced to five years' incarceration on each charge, with each sentence to run concurrently, followed by ten years of probation. The sole issue on appeal is whether double jeopardy precluded convictions on both charges.

Section 836.05, "Threats; extortion," provides:

> Whoever, either verbally or by a written or printed communication, maliciously threatens to accuse another of any crime or offense, or by such communication maliciously threatens an injury to the person, property or reputation of another, or maliciously threatens to expose another to disgrace, or to expose any secret affecting another, or to impute any deformity or lack of chastity to another, with intent thereby to extort money or any pecuniary advantage whatsoever, or with intent to compel the person so threatened, or any other person, to do any act or refrain from doing any act against his or her will, shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

§ 836.05, Fla. Stat. (2015).

Section 836.10, "Written threats to kill or do bodily injury; punishment," provides:

---

[1] The handwriting also matched writing samples Doyle provided in the instant case.

> Any person who writes or composes and also sends or procures the sending of any letter, inscribed communication, or electronic communication, whether such letter or communication be signed or anonymous, to any person, containing a threat to kill or to do bodily injury to the person to whom such letter or communication is sent, or a threat to kill or do bodily injury to any member of the family of the person to whom such letter or communication is sent commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

§ 836.10, Fla. Stat. (2015).

Doyle argues that the elements of the two offenses are inseparable and that a conviction for written threats under section 836.10 does not include any additional elements not included for an extortion conviction under section 836.05. Alternatively, he suggests that even if the crimes contain different elements, a conviction for written threats under section 836.10 is necessarily subsumed by an extortion conviction under section 836.05. The State responds that each offense contains a different element; extortion includes malice, intent, and several different types of threats, while written threats to kill or do bodily harm contains the elements of sending the communication as well as that the threat could be to a family member.[2]

"A double jeopardy claim based upon undisputed facts presents a pure question of law and is reviewed de novo." State v. Akins, 69 So. 3d 261, 268 (Fla. 2011) (quoting Pizzo v. State, 945 So. 2d 1203, 1206 (Fla. 2006)). "The prevailing standard for

---

[2] The State also argues that Roughton v. State, 185 So. 3d 1207 (Fla. 2016), controls in this case and that dual convictions under sections 836.05 and 836.10 do not violate double jeopardy based on the alternative conduct proscribed by each statute. This argument lacks merit. In Roughton, the court explicitly found that both lewd or lascivious molestation and sexual battery contain a different element that the other does not, based on the alternative conduct proscribed by each statute. 185 So. 3d at 1210. As explained below, however, section 836.10 does not contain any element not found in section 836.05.

determining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the Legislature 'intended to authorize separate punishments for the two crimes.'" Valdes v. State, 3 So. 3d 1067, 1070 (Fla. 2009) (quoting M.P. v. State, 682 So. 2d 79, 81 (Fla. 1996)).

Double jeopardy is governed by section 775.021, Florida Statutes, which codified the Blockburger[3] "same elements" test. It provides:

> Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense . . . . For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.

§ 775.021(4)(a), Fla. Stat. (2015) (emphasis added).

"Under the basic rule of Blockburger and section 775.021(4)(a), if 'each offense requires proof of an element that the other does not,' separate punishments for each offense do not violate the prohibition against double jeopardy." Roughton v. State, 185 So. 3d 1207, 1208 (Fla. 2016). Courts analyze only the statutory elements of each offense and do not assess the evidence or the facts as alleged in the information. State v. Carpenter, 417 So. 2d 986, 988 (Fla. 1982).

There is no dispute that Doyle's offenses occurred "in the course of one criminal transaction." See § 775.021(4)(a), Fla. Stat. The essential elements of each offense as compared to the other are as follows:

---

[3] Blockburger v. United States, 284 U.S. 299, 304 (1932).

4

| Extortion—Section 836.05 | Written Threats to Kill or Do Bodily Injury—Section 836.10 |
|---|---|
| (1) the defendant made a <u>written</u>, printed, or verbal <u>communication</u> of a threat to another | (1) a person <u>writes</u> or composes a <u>communication</u> containing a threat, and sends or procures sending of that communication, |
| (2) in the communication, the defendant <u>threatened to</u>: <br> (a) accuse another of a crime; <br> (b) <u>injure another person</u>; <br> (c) injure another's property or reputation; <br> (d) expose another person to disgrace; <br> (e) expose a secret; or <br> (f) impute deformity or lack of chastity | (2) <u>threatening</u> to kill or do <u>bodily injury</u> <br><br> (3) to the <u>recipient</u> of the threat <u>or</u> a member of his or her <u>family</u>. |
| (3) the threat was made maliciously | *n/a* |
| (4) the threat was made with the intent to: <br> (a) extort money or pecuniary advantage <br> (b) compel a person to do any act or refrain from doing an act against his/her will. | *n/a* |

Thus, extortion under section 836.05 may be committed by issuing a written threat to commit bodily harm on another, which encompasses all of the required elements of section 836.10—a written threat to kill or do bodily injury on the person threatened or a family member. The elements of extortion differ in that there must be malice as well as an intent to extort money or compel a person into action or inaction. But a conviction for written threats to kill or do bodily injury contains no further requirements.

The State's contention that the elements are different because the written threat under section 836.10 may be directed toward a family member is unpersuasive. Under the second element of extortion (as listed above), extortion may be committed by threatening to injure another person. <u>See</u> § 836.05, Fla. Stat. This is broad enough to encompass the third element required for written threats to kill or do bodily injury that the threat of injury is to the person receiving the threat or a member of his or her family. <u>See</u> <u>id.</u> § 836.10. A conviction for written threats under section 836.10 does not have any

additional elements not contained in section 836.05. Therefore, dual convictions on both charges, arising out of the same criminal transaction, violate double jeopardy.

REVERSED AND REMANDED FOR RESENTENCING.

COHEN, C.J., SAWAYA and EDWARDS, JJ., concur.