# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-1737
Lower Tribunal No. 2019-CF-014302

_____

JUAN MANUEL REYES

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

_____

Petition Alleging Ineffective Assistance of Counsel.
A Case of Original Jurisdiction.

June 30, 2025

PER CURIAM

Juan Manuel Reyes petitions this Court for habeas corpus relief, alleging several claims of ineffective assistance of appellate counsel. We grant the petition solely as it relates to the claim of a double jeopardy violation.

"A petitioner claiming ineffective assistance of appellate counsel must show counsel's performance was deficient and the deficient performance prejudiced the petitioner by undermining confidence in the appellate result." *Stewart v. State*, 405 So. 3d 378, 379 (Fla. 6th DCA 2023) (citing *Farina v. State*, 937 So. 2d 612, 626

(Fla. 2006)).  We find that Reyes has satisfied both prongs and is thus entitled to a new appeal on the double jeopardy issue.

Reyes's appellate counsel failed to raise that Reyes's convictions for both possession of cocaine, in violation of section 893.13(6)(a), Florida Statutes (2019), and trafficking in cocaine—28 grams or more, in violation of section 893.135(1)(b), Florida Statutes (2019), violate the proscription against double jeopardy.  We believe this issue merits briefing to address the alternative conduct analysis in *Roughton v. State*, 185 So. 3d 1207 (Fla. 2016), and the analysis employed in *Driver v. State*, 288 So. 3d 716 (Fla. 4th DCA 2020).  We conclude that appellate counsel's failure to raise this issue constituted deficient performance and undermined confidence in the outcome of the appeal.  Accordingly, we grant Reyes a new appeal as to this issue only, finding no merit in the other issues raised by Reyes.

This opinion shall be filed with the lower tribunal and treated as the notice of belated appeal of the judgment and sentence.  Upon receipt, the clerk of the lower court shall certify a copy of this opinion to this Court in accordance with Florida Rule of Appellate Procedure 9.040(g).  The appeal shall proceed under a new case number, which shall be assigned upon receipt in this Court of the certified opinion.  Because the original record on appeal was filed in the Second District Court of Appeal, it is unavailable to this Court; accordingly, Reyes must make arrangements with the clerk of the lower court to transmit the record to this Court.  All time

requirements of the Florida Rules of Appellate Procedure shall run from the date of this opinion. If Reyes qualifies for appointed counsel, the trial court shall appoint counsel to represent him on appeal.

PETITION GRANTED in part; DENIED in part.

STARGEL, WOZNIAK and GANNAM, JJ., concur.


Juan Manuel Reyes, Miami, pro se.

James Uthmeier, Attorney General, Tallahassee, and Laurie Benoit-Knox, Assistant Attorney General, Tampa, for Respondent.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED