# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-0814
LT Case No. 2022-CF-001526-A

_____

JASPER OBRYAN OLIVER,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for St. Johns County.
R. Lee Smith, Judge.

Matthew J. Metz, Public Defender, and Ryan M. Belanger, Assistant Public Defender, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Deborah Chance, Assistant Attorney General, Daytona Beach, for Appellee.

April 2, 2026

HARRIS, J.

Appellant, Jasper Obryan Oliver, timely appeals his judgment and sentence entered against him after a jury trial. He argues his convictions for sexual battery on a minor by a person in familial or custodial authority and unlawful sexual activity with a minor (counts one through four) violate double jeopardy. Finding

that Oliver's convictions do not violate the prohibition against double jeopardy, we affirm.

In December 2023, the State charged Jasper Obryan Oliver with two counts of sexual battery on a minor by a person in familial or custodial authority (counts one and two) and two counts of unlawful sexual activity with a minor (counts three and four).[1] Counts one and three were based on Oliver's penis penetrating and/or having union with the victim's anus, and counts two and four were based on Oliver's penis having union with the victim's vagina.

At trial, the victim, K.K., who was Oliver's stepdaughter, testified that she was in her room one night in March 2022, pretending to sleep, and that Oliver climbed into her bed with her, under the covers, and pulled her close to him. While both were clothed, Oliver began rubbing his testicles against K.K.'s bottom. K.K. tried moving, but Oliver held her so she could not move. Oliver then pulled down K.K.'s shorts and underwear and rubbed his penis against her vagina. He then pushed his penis into K.K.'s anus while breathing heavily. K.K. then pretended to wake up and Oliver pulled his penis out of her. K.K. asked Oliver why her pants were down, and Oliver responded he did not know. K.K. went to the bathroom until Oliver left her room.

At the conclusion of the trial, the jury found Oliver guilty as charged on all counts. As to counts one and three, the jury found that the State had proven there was sexual contact but not penetration. The court adjudicated Oliver guilty and imposed concurrent sentences of thirty years on counts one and two, followed by lifetime sex offender probation, and fifteen years on counts three and four. This appeal followed.

Oliver argues that counts one through four violate double jeopardy because they require identical elements of proof. He argues that the "sexual activity" that has to be proved for counts

---

[1] Four additional related charges were also filed against Oliver. Three were subsequently disposed of by the trial court and the fourth is not relevant to this appeal.

three and four is the same as "sexual battery" in counts one and two, and therefore, counts three and four are completely subsumed in the elements of counts one and two. To rephrase the argument, he asserts that someone in a position of familial authority that is guilty of counts one and two will always be guilty of counts three and four, unlawful sexual activity with a minor. We disagree with Oliver's argument that double jeopardy precludes separate sentences on each of these counts.

The Constitution prohibits subjecting a person to multiple convictions and punishments for the same criminal offense. *See Valdes v. State*, 3 So. 3d 1067, 1069 (Fla. 2009). However, "there is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal transaction as long as the Legislature intends to authorize separate punishments." *Id.* Absent a clear statement of legislative intent to authorize separate punishments for two crimes, courts employ the *Blockburger*[2] test to determine whether separate offenses exist. *See id.* at 1070. The *Blockburger* test is codified in section 775.021, Florida Statutes, which provides:

> (4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
>
> (b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set

---

[2] *Blockburger v. United States*, 284 U.S. 299 (1932).

forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:

1. Offenses which require identical elements of proof.

2. Offenses which are degrees of the same offense as provided by statute.

3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

§ 775.021(4), Fla. Stat. (2024). Thus, even if the offenses are separate, dual convictions are barred if the offenses meet the criteria in one of the three exceptions in subsection (4)(b). *See State v. Maisonet-Maldonado*, 308 So. 3d 63, 67 (Fla. 2020); *Roughton v. State*, 185 So. 3d 1207, 1210 (Fla. 2016).

In *Jackson v. State*, cited by the parties in the trial court, the Fourth District rejected the double jeopardy claim as to convictions for sexual battery and unlawful sexual activity with a minor because they involve different elements: sexual battery requires lack of consent and the use or threat of use of a weapon, and unlawful sexual activity with a minor does not involve any issue of consent or threats or force. 868 So. 2d 1290, 1291 (Fla. 4th DCA 2004). The First District in *Smith v. State*, however, reversed the conviction and sentence where the State agreed and conceded that dual convictions for sexual battery and unlawful sexual activity with certain minors violated double jeopardy. 281 So. 3d 602, 603 (Fla. 1st DCA 2019). The court did not provide further analysis on the matter.

Here, the charges at issue arose from the same criminal episode and involve the same victim. In counts one and two, Oliver was charged with sexual battery on a minor between twelve to eighteen years of age by a person in a familial authority under section 794.011(8)(b), Florida Statutes, which provides:

(8) Without regard to the willingness or consent of the victim, which is not a defense to

4

prosecution under this subsection, a person who is in a position of familial or custodial authority to a person less than 18 years of age and who:

. . . .

(b) Engages in any act with that person while the person is 12 years of age or older but younger than 18 years of age which constitutes sexual battery commits a felony of the first degree, punishable by a term of years not exceeding life or as provided in s. 775.082, s. 775.083, or s. 775.084.

§ 794.011(8)(b), Fla. Stat. (2024). "'Sexual battery' means oral, anal, or female genital penetration by, or union with, the sexual organ of another or the anal or female genital penetration of another by any other object[.]" *Id.* § 794.011(1)(j). The statute specifies that consent by the victim is not a defense. *Id.* § 794.011(8).

In counts three and four, Oliver was charged with unlawful sexual activity with a minor under section 794.05, which provides:

(1) A person 24 years of age or older who engages in sexual activity with a person 16 or 17 years of age commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

§ 794.05(1), Fla. Stat. (2024). "'Sexual activity' means oral, anal, or female genital penetration by, or union with, the sexual organ of another or the anal or female genital penetration of another by any other object[.]" *Id.* § 794.05(2)(b). The statute specifies that the victim's prior sexual conduct is not relevant. *Id.* § 794.05(4).

There is no specific statement of legislative intent authorizing separate punishments for the two crimes, and thus the appropriate inquiry is whether separate punishments for the crimes violate the *Blockburger* test. The elements of counts one and two are summarized as:

5

1. The defendant engaged in any act that constituted sexual battery upon the victim (the sexual organ of defendant penetrated or had union with the anus or female genitals of victim).

2. At the time, the victim was 12 years of age or older but younger than 18 years of age.

3. At the time, the defendant was in a position of familial or custodial authority to the victim (a recognizable bond of trust or someone who is in custody or control of another).

The elements of counts three and four are summarized as:

1. The defendant engaged in sexual activity with the victim (the sexual organ of defendant penetrated or had union with the anus or female genitals of victim).

2. At the time, the defendant was 24 years of age or older.

3. At the time, the victim was sixteen or seventeen years of age.

Unlike in *Jackson*, sexual battery as defined in the statute pertaining to counts one and two does not require threat of force or lack of consent. Rather, the definitions for "sexual battery" and "sexual activity" are the same for the particular offenses at issue.

Oliver argues that the elements of the offenses charged in counts three and four are subsumed by the elements in counts one and two, as one who qualifies for the offense of sexual battery on a minor between twelve to eighteen years of age by a person in a familial authority always qualifies for unlawful sexual activity with a minor. However, although conduct constituting the charges in counts one and two may also constitute the conduct charged in counts three and four, this is not necessarily the case, and the elements of these crimes are distinct. *See Roughton*, 185 So. 3d at 1210 ("Although the conduct constituting capital sexual battery

will as a practical matter ordinarily—if not always—also constitute lewd or lascivious molestation, the formal elements of these two crimes are quite distinct."). Each offense contains an element that the other does not. Counts one and two require the offender to be in a position of familial or custodial authority while counts three and four have no such requirement. Counts three and four require the offender to be twenty-four or older, while the charges in counts one and two do not contain an age requirement of the offender. Counts three and four also require the victim to be sixteen or seventeen, while counts one and two require the victim to be between ages twelve and eighteen.

Accordingly, although a person convicted of sexual battery on a minor by a person of familial authority could also be guilty of unlawful sexual activity with a minor, it is not necessarily the case, as a person of familial authority aged twenty-three or younger would not qualify for the crimes charged in counts three and four. The offender also would not qualify for the crimes in counts three and four if the victim was between twelve and fifteen. *See Byun v. State*, 294 So. 3d 418, 422 (Fla. 2d DCA 2019) (explaining attempted lewd battery is not subsumed within unlawful travel to meet minor where unlawful travel required victim to be under eighteen while attempted lewd battery required victim to be between twelve and sixteen, thus they are separate offenses). Therefore, the elements of the offenses charged in counts three and four are not subsumed within the elements of the offenses charged in counts one and two. Because each offense requires proof of an element that the other does not, and because they do not qualify for an exception provided in section 775.021(4)(b), Oliver's separate sentences for counts one through four do not violate the prohibition against double jeopardy.

AFFIRMED.

LAMBERT and BOATWRIGHT, JJ., concur.

7

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____